The opinion of the Court was delivered at this term by
Parker, C. J.
This action is altogether of a new impression. It is an attempt, instead of holding the defendants to their cove nants in the deed which is mentioned in the declaration, to charge them with a tortious interference with the title intended to be conveyed by the deed, subsequent to the making of it. One of the covenants seems adequate to any remedy for the wrong alleged in the declaration ; and although, if there were no such covenant, an action upon the case might lie, for attempting to intercept a title intended to be passed by deed, yet, where the parties have stipulated in a contract, there seems to be no reason for encouraging an action not founded upon the contract.
But we waive all further consideration upon this point; because, after the whole view of the case, as exhibited in the state of facts agreed by the parties, we are satisfied that this action cannot be sustained.
The history of the transaction displays as gross an act of maintenance as was ever practised. The plaintiffs, knowing that certain lands were in the actual occupation of sundry persons who claimed to hold the same by title, and that this possession had continued for nearly thirty years, (a) but believing that the defendants had a paramount, although dormant title, owing to some defect supposed to exist in the title of the occupants, applied to the defendants to purchase their claim and interest, they not being aware that they had any available interest, and bargain with them for a deed, and for their power to commence suits for the purpose of removing the occupants. Having commenced such suits, and put the occupants to great anxiety and expense, they find, [ * 554 ] * before they arrive at a successful termination of their project, that the defendants, influenced perhaps by a sense of justice to the tenants, had thrown a barrier in the way of their recovery. They bring the present action, to reimburse to themselves the costs and charges to which their unjust speculation had subjected them; founding their application to the laws of their *495 country upon an offence committed by themselves against those laws.
No principle is more clear, or more reasonable, than that a man cannot build up a right, in a court of justice, upon an illegal or immoral act of his own. The bargain made by the plaintiffs undoubtedly constitutes the offence of maintenance, which is odious to the laws, and may be punished on indictment. It is an offence at common law; and although instances of prosecution for it in this country may be rare, it is because the offence is rarely discovered, not because it is overlooked by our laws. The statute of 32 H. 8, c. 9, against buying and selling pretended titles, is only an affirmance of the common law; and there is no offence more deserving of animadversion. For if successfully practised, its tendency is to disturb the quiet of neighborhoods, and produce distress to people who, but for such intermeddlers, would be left in the quiet enjoyment of their possessions.
In the case before us, both plaintiffs and defendants knew the state of the title, and of the possession, when the conveyance was made. Such knowledge may be necessary to make.the transaction criminal. Cases may exist where a non-resident proprietor conveys when actually disseised, he being ignorant, as well as the purchaser, of the disseisin ; and a conveyance so made may be innocent. But in the present case we have no doubt it was illegal, and no action can therefore grow out of it. According to the agreement of the parties, the plaintiffs must be called, (a)

Plaintiffs nonsuit.

 See the facts in the case of Poor & Al. vs. Robinson, ante, vol. x. p. 131.

 Brinley vs. Whiting, 5 Pick. 348. — Cleverly vs. Whitney, 7 Pick. 36. — Somes vs. Skinner, 3 Pick. 52.— Bowers vs. Porter, 4 Mass. Rep. 198.— Wolcott & Al. vs. Knights, 6 Mass. Rep. 418. — Everenden vs. Beaumont, 7 Mass. Rep 76.—Prescott vs Heard, 10 Mass. Rep. 60. — Warren vs. Childs, ante, 222.