GUSTAVUS C. SCOTT *vs.* MOSES HARMON.

The fact that the services of an attorney in a suit were rendered under an agreement by his client, to give or allow and pay him the first fifty dollars collected by him therein, is no defence, either at common law or under the Gen. Sts. *c.* 122, § 6, to an action by the attorney against the client for services rendered in the suit.

CONTRACT by an attorney to recover for services and disburse- ments in a suit brought by him for the defendant against David G. Leavitt, to enforce a mechanic's lien.

At the trial in the superior court, before *Devens*, J., the plain- tiff put in the report of an auditor in his favor; but it appeared that the services and disbursements sued for were all rendered and made under the following agreement, signed and sealed by the defendant: "November 11, 1869. In consideration of one dollar, the receipt of which I hereby fully acknowledge, I hereby agree to give or allow and pay to G. C. Scott the first fifty dol- lars that is collected by him in enforcing my mechanic's lien for labor and services performed on the house occupied by D. G. Leavitt on Gold Street in Lowell." The defendant contended that this contract was fraudulent, illegal and barratrous.

The judge reported the question of law thus arising for the determination of this court. If the action could be maintained on these facts, judgment was to be entered for the plaintiff in accordance with the report of the auditor; otherwise, for the defendant.

*J. C. Kimball*, for the plaintiff.

*A. F. Jewett*, (*T. Wentworth* with him,) for the defendant.

COLT, J. Champerty is defined to be "the unlawful maintenance of a suit in consideration of some bargain to have part of the thing in dispute or some profit out of it," "whereupon the champertor is to carry on the party's suit at his own expense." 1 Hawk. P. C. *cc.* 83, 84. 4 Bl. Com. 135.

The agreement relied on here does not come within this definition. There is no undertaking, disclosed or implied, on the part of the plaintiff, to carry on any suit at his own expense; or to look alone to that which might be recovered, for his compensation. It does not appear that his pay was dependent on his success, which is the important element deemed prejudicial to the public repose, and therefore declared illegal. *Thurston* v. *Percival*, 1 Pick. 415.

Nor is the transaction obnoxious to the statute, which provides that counsellors and attorneys "shall not directly or indirectly buy or be interested in buying, or directly or indirectly loan or advance, or agree to loan or advance, any money or other goods, or give or promise any valuable consideration whatever to any person, as an inducement to place, or in consideration of having placed in the hands of any person, any bond, note, book debt, or right of action for collection, with intent to make themselves any gain from the fees arising from such collection by a suit at law." Gen. Sts. *c.* 122, § 6. In *Allen* v. *Hawks*, 13 Pick. 79, the agreement proved was an agreement to pay to the agent a portion of the fees of collection, if he would employ the attorney to collect demands due the principal. Here the written agreement appears to be nothing more than a mode adopted for giving the plaintiff a lien on a portion of the debt claimed to be due, as security for his services and disbursements.

*Judgment for the plaintiff.*