## MONTRAVILLE ACKERT *vs.* ALFRED R. BARKER.

Hampden.    Sept. 27. — Oct. 10, 1881.    LORD & DEVENS, JJ., absent.

An agreement between an attorney and client, by which the attorney is to prose-
cute an action for a sum of money in which he has himself no previous in-
terest, and to receive, in case of success, one half of the sum recovered after
deducting the costs of the action, and nothing in case of failure, is unlawful
and void for champerty and maintenance; and the client may maintain an ac-
tion for money had and received against the attorney for the whole amount so
recovered, less the costs paid by him.

CONTRACT for money had and received. The answer set up
that the defendant was an attorney at law, and as such was
employed by the plaintiff to collect certain sums of money from
certain insurance companies , " that the plaintiff agreed, in con-
sideration of the defendant acting for him in the premises, that
said defendant should, out of any and all moneys received by
him from said insurance companies, retain one half of the
amount received after payment of proper costs and charges ; "
admitted the receipt of a certain sum from the insurance com-
panies ; and averred that the defendant had the right to retain
out of it the costs and expenses and one half of the sum remain-
ing after deducting such costs and expenses.    Trial in the Su-
perior Court, before *Allen*, J., who allowed a bill of exceptions,
which, after stating that the pleadings were a part thereof, was
in substance as follows :

The defendant admitted the receipt of $836 from two insur-
ance companies, but contended in his answer that the plaintiff
could rightfully demand of him only half the whole sum col-
lected, less costs of the suits brought to enforce the demands on
which the said collections were made, because the plaintiff
promised to allow him one half the amount recovered, in con-
sideration for professional services rendered in this behalf; that
he had a right, under such agreement, to stop out or retain such
sum; and his testimony was to that effect.    He also testified
that said agreement did not require him to bear or be responsi-
ble for the expenses of said suits.

The defendant asked the judge to rule as follows: " 1. If it
appears that the percentage mentioned in the alleged agreement

amounted only to a measure of compensation in the event of a successful termination of the suits, in distinction from an indefinite fee to be charged in the event of the unsuccessful termination of the suits, then the contract is not champertous, and it can be enforced. 2. If, under the terms of the agreement, the defendant had a right to stop out of, or retain from, the funds collected one half the total sum for professional services, and actually had stopped out such sum prior to any notice to him that the contract was abrogated by the plaintiff, then the transaction was so far closed in that behalf that the plaintiff cannot herein undo or avoid the same."

The judge refused to give either of the rulings asked for, but instructed the jury that, if they found there was an agreement by which the defendant was entitled to retain one half the sum collected as compensation for services, such agreement was unlawful, and would not avail the defendant in this action.

The jury returned a verdict for the plaintiff in the sum of $808.04; and the defendant alleged exceptions.

*H. C. Bliss,* for the defendant, cited *Wylie* v. *Coxe*, 15 How. 415; *Trist* v. *Child*, 21 Wall. 441; *Wight* v. *Tebbitts*, 91 U. S. 252; *Rohan* v. *Hanson*, 11 Cush. 44; *Richardson* v. *Woodbury*, 12 Cush. 279; *King* v. *Green*, 6 Allen, 139; *Tapley* v. *Coffin*, 12 Gray, 420; *Hubbell* v. *Flint*, 15 Gray, 550; *Hubbard* v. *Woodbury*, 7 Allen, 422; *Scott* v. *Harmon*, 109 Mass. 237; *Caldwell* v. *Wentworth*, 14 N. H. 431; *Treadwell* v. *Moore*, 34 Maine, 112; *Best* v. *Strong*, 2 Wend. 319.

*H. C. Strong,* (*E. H. Lathrop* with him,) for the plaintiff.

GRAY, C. J. The defendant's answer and bill of exceptions, fairly construed, show that the agreement set up by the defendant was an agreement by which, in consideration that an attorney should prosecute suits in behalf of his client for certain sums of money, in which he had himself no previous interest, it was agreed that he should keep one half of the amount recovered in case of success, and should receive nothing for his services in case of failure.

By the law of England from ancient times to the present day, such an agreement is unlawful and void, for champerty and maintenance, as contrary to public justice and professional duty, and tending to speculation and fraud, and cannot be upheld,

either at common law or in equity. 2 Rol. Ab. 114. Lord Coke, 2 Inst. 208, 564. Hobart, C. J., *Box* v. *Barnaby*, Hob. 117 *a*. Lord Nottingham, *Skapholme* v. *Hart*, Finch, 477; *S. C.* 1 Eq. Cas. Ab. 86, pl. 1. Sir William Grant, M. R., *Stevens* v. *Bagwell*, 15 Ves. 139. Tindal, C. J., *Stanley* v. *Jones*, 7 Bing. 369, 377; *S. C.* 5 Moore & Payne, 193, 206. Coleridge, J., *In re Masters*, 1 Har. & Wol. 348. Shadwell, V. C., *Strange* v. *Brennan*, 15 Sim. 346; Lord Cottenham, *S. C.* on appeal, 2 Coop. temp. Cottenham, 1. Erle, C. J., *Grell* v. *Levy*, 16 C. B. (N. S.) 73. Sir George Jessel, M. R., *In re Attorneys & Solicitors Act*, 1 Ch. D. 573.

It is equally illegal by the settled law of this Commonwealth. *Thurston* v. *Percival*, 1 Pick. 415. *Lathrop* v. *Amherst Bank*, 9 Met. 489. *Swett* v. *Poor*, 11 Mass. 549. *Allen* v. *Hawks*, 13 Pick. 79, 83. *Call* v. *Calef*, 13 Met. 362. *Rindge* v. *Coleraine*, 11 Gray, 157, 162. 1 Dane Ab. 296. 6 Dane Ab. 740, 741. In *Lathrop* v. *Amherst Bank*, the fact that the agreement did not require the attorney to carry on the suit at his own expense was adjudged to be immaterial. 9 Met. 492. In *Scott* v. *Harmon*, 109 Mass. 237, and in *Tapley* v. *Coffin*, 12 Gray, 420, cited for the defendant, the attorney had not agreed to look for his compensation to that alone which might be recovered, and thus to make his pay depend upon his success.

The law of Massachusetts being clear, there would be no propriety in referring to the conflicting decisions in other parts of the country. If it is thought desirable to subordinate the rules of professional conduct to mercantile usages, a change of our law in this regard must be sought from the Legislature, and not from the courts.

The defendant, by virtue of his employment by the plaintiff, and of his professional duty, was bound to prosecute the claims entrusted to him for collection, and holds the amount recovered as money had and received to the plaintiff's use. The agreement set up by the defendant, that he should keep one half of that amount, being illegal and void, he is accountable to the plaintiff for the whole amount, deducting what the jury have allowed him for his costs. *In re Masters*, and *Grell* v. *Levy*, above cited. *Pince* v. *Beattie*, 32 L. J. (N. S.) Ch. 734.

Of *Best* v. *Strong*, 2 Wend. 319, on which the defendant relies as showing that, assuming this agreement to be illegal, the plaintiff cannot maintain this action, it is enough to say that there the money was voluntarily paid to the defendant, with the plaintiff's assent, after the settlement of the suit by which it was recovered; and it is unnecessary to consider whether, upon the facts before the court, the case was well decided.

*Exceptions overruled.*