BRIDGET WILLIAMS & another *vs.* EDWIN M. FOWLE
& another.

Suffolk. Jan. 12. — March 3, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

An action upon a debt due to an insolvent debtor before his insolvency may be brought in the name of the insolvent and a person to whom jointly with him the contract on which the action is brought was made, for the benefit of such person and one who has purchased the right of the insolvent from his assignee in insolvency.

The acceptance by the grantee of a deed of land containing a covenant that the granted premises are free from incumbrances, except a mortgage previously made by the grantor, "which the grantee assumes and agrees to pay," constitutes a contract by the grantee, not merely to indemnify the grantor, but to pay the mortgage debt; and the measure of damages, in an action brought by the grantor against the grantee upon this contract, after that debt has become payable, is the unpaid amount of that debt, although no part of it has been paid by the plaintiff.

An agreement is not champertous and illegal, by which an action, by the grantor in a deed of land against his grantee, upon the latter's promise therein to pay a mortgage on the land, is prosecuted at the expense and for the benefit of a person to whom the mortgage had been assigned, and who had sold the land under a

power therein, and brought an action on the note secured thereby against the grantor and summoned the grantee as trustee, in which the grantor was defaulted upon payment of a sum of money and promise of a further sum when collected of the grantee in the action against him.

CONTRACT by Bridget Williams and Andrew Williams, her husband, upon the promise contained in a deed of real estate to the defendants, made by Andrew Williams and Bridget Williams, in her right, dated November 13, 1874, wherein they covenant that the " granted premises are free from all incumbrances excepting a mortgage thereof for three thousand dollars, which, with the interest therein, the grantees assume and agree to pay, the same forming a part of the consideration hereof." Writ dated June 21, 1880. Trial in the Superior Court, without a jury, before *Pitman*, J., who allowed a bill of exceptions, in substance as follows:

The original plaintiffs were Bridget Williams and George H. Remele, claiming to own the interest of Andrew Williams in said contract by purchase of the same from the assignee in insolvency of Andrew. The defendants objected that Bridget Williams and Remele could not maintain the action in their joint names; and thereupon the plaintiffs amended their writ and declaration by striking out the name of Remele and inserting the name of Andrew Williams in the place thereof. The defendants objected that the action could not be maintained by Bridget and Andrew as joint plaintiffs; but the judge overruled the objection, and ruled that the action could be maintained by them.

It appeared that the defendants accepted said deed, entered under it upon the land thereby conveyed, and enjoyed the same; that the mortgage mentioned in the deed was made by Andrew and Bridget Williams to George H. Ireland, to secure three notes signed by them, two of $500 each and one of $2000, and interest, dated February 11, 1874; that the defendants paid the two notes for $500, and sold and conveyed the land in November 1876; that George H. Ireland assigned the mortgage and indorsed the $2000 note to Catherine P. Ireland, who for breach of the condition of the mortgage, in November 1878, pursuant to the power in the mortgage, caused the mortgaged premises to be sold for the sum of $1100 to George H. Remele, but for her own use and benefit, and indorsed the note of $2000

to Remele, who, on September 19, 1879, brought suit thereon against the makers, and therein summoned the defendants as trustees ; that in February 1879, the estate of Andrew Williams was assigned under the insolvent laws of the Commonwealth to James S. Mulvey, and Andrew, on September 5, 1879, obtained a certificate of discharge from all his debts, of which the $2000 note was one; that Mulvey, by deed dated February 5, 1880, reciting a nominal consideration, assigned and sold to Remele all his right, title and interest in and to the contract declared on ; that Andrew and Bridget Williams were by consent defaulted in said action, March 3, 1880 ; that such default was made on the verbal agreement that when the plaintiff in that action, or Catherine P. Ireland, for whose use the action was brought, should collect of the defendants in this action the amount due from them to Bridget and Andrew, or Andrew's assignee, the plaintiff or Catherine P. Ireland should out of the proceeds allow or pay Andrew and Bridget, or their attorney, the sum of $150, without their being liable for the expense of the action; that the agreement to pay $150 was subsequently modified by the payment of $50, the balance to be paid when collected of the defendants in this action ; that Remele had not at any time released or discharged Andrew or Bridget from payment of said note or judgment thereon, or covenanted or agreed with them not to sue them thereon, or not to enforce the same against them, or made any other agreement with them in respect to said note ; and that this action was brought for the benefit of Bridget Williams, under said agreement, and for Catherine P. Ireland, and at the expense of the latter.

The defendants contended that, on this evidence, the action could not be maintained, or, if maintainable, that only nominal damages could be recovered ; and that the action could not be maintained, because the evidence showed that the action was prosecuted in pursuance of a champertous agreement or arrangement, or an agreement or arrangement otherwise illegal. But the judge ruled that the action could be maintained, and found that the agreement pursuant to which the action was brought and prosecuted was not champertous or otherwise illegal; and found for the plaintiffs in the sum of $1137.86. The defendants alleged exceptions.

*J. Cutler*, for the defendants.

*P. H. Cooney*, for the plaintiffs.

DEVENS, J.　1. It is objected that the action cannot be maintained by Bridget and Andrew Williams, and this upon the ground that, Andrew having become insolvent, all his legal or beneficial interest in the contract vested in his assignee. That interest was thereafter sold to George H. Remele, acting on behalf of Catherine P. Ireland, who had become entitled by purchase to the mortgage, which the defendants had agreed to pay. As an action may be brought in the name of the insolvent for the benefit of one who has purchased a chose in action from the assignee in insolvency, there can be no reason why the name of such insolvent should not be joined with that of the party to whom jointly with him the promise of the defendants was originally made. *Drury* v. *Vannevar*, 5 Cush. 442.　*Stone* v. *Hubbard*, 7 Cush. 595.　*Mayhew* v. *Pentecost*, 129 Mass. 332.

2. The defendants, having as grantees of a certain piece of real estate agreed to assume and pay a certain mortgage, if liable at all, were liable for the amount unpaid on the mortgage, and not merely to nominal damages, even if the mortgage were still unpaid when action was brought by the plaintiffs. *Furnas* v. *Durgin*, 119 Mass. 500.　*Locke* v. *Homer*, 131 Mass. 93.　*Reed* v. *Paul*, 131 Mass. 129.

3. It is further contended that the agreement made on behalf of Mrs. Ireland, under which $50 was paid to Andrew and Bridget Williams and $100 more agreed to be paid them when the debt of the defendants should be collected, or when a settlement should be made with them, was champertous and illegal. There was in fact a bargain by which the suit was to be carried on by Remele, acting on behalf of Mrs. Ireland, and at his or her expense.　Where a party has no interest, legal or equitable, and no claim or expectancy, remote or contingent, in a suit, an agreement to carry it on at his own expense in consideration of some bargain to have part of the thing in dispute, or some profit out of it, is champertous and illegal. *Scott* v. *Harmon*, 109 Mass. 237.　Where, however, a party has a remote or contingent interest, or even possibility of interest, in the subject litigated, the agreement is not of that character. *Lathrop* v. *Amherst Bank*, 9 Met. 489.　*Call* v. *Calef*, 13 Met. 362.　The party making it

is not in such case a champertor, interfering in strifes in which he has no part, and maintaining them only for the profit he may derive from them.

The contract made by the defendants was one in which Mrs. Ireland had an interest. The defendants had agreed with the nominal plaintiffs to pay the mortgage which Mrs. Ireland held. Even if she could not bring an action at law directly against them, the nominal plaintiffs were bound to pay the amount of the mortgage to her. It is suggested in *Furnas* v. *Durgin, supra,* that perhaps they might be compelled, by a proper proceeding in equity on behalf of parties standing as do the defendants, to pay any sum received by them on such a contract to the holder of the mortgage, in order that the estate of the defendants might be relieved. It was certainly the moral duty of the nominal plaintiffs to pay Mrs. Ireland the sum received from the defendants, and they were under a legal liability to her for an equal amount upon the notes secured by the mortgage which she held against them. In addition, a suit had been brought against the nominal plaintiffs by Mrs. Ireland, in which the defendants were summoned as trustees. In obtaining control of the suit which the nominal plaintiffs might bring against the defendants, she was dealing with a litigated suit in the successful termination of which she was clearly interested.

The agreement made was, therefore, not illegal or champertous. *Exceptions overruled.*