BUTLER, *Ap't*, *v.* LEGRO, *Guard.*

A guardian is accountable not only for money received, but also for what he ought to collect.

When, in a settlement of his account, he does not charge himself with a sum which he ought to have collected, and the question of his liability therefor is not raised, and the facts are not made known to the court, the error may be corrected in another account which he may be required to settle, after his resignation, on the petition of his successor.

. An attorney's agreement to prosecute an action in which he has no previous interest, and to receive a certain sum, exceeding the value of his services, if successful, and nothing in case of failure, is unlawful and void for champerty and maintenance.

The contract being illegal, the law does not imply a promise to pay him the value of his services. The client may maintain an action against him for all he has received, less his payments of costs.

PROBATE APPEAL. Facts found by a referee. Mary Dominique having been killed by a locomotive on a railroad, her husband employed an attorney to prosecute the company, and agreed to pay him $1,000 for his services and expenses in the conduct of the suit. Dominique was a man of no property, and earning small wages. Butler, the appellant, was appointed guardian of the minor children of the deceased. Judgment was obtained against the company, and a fine of $2,000 was imposed, which, with the costs of prosecution, was collected by the attorney, who paid the costs to the county. Butler being informed of Dominique's agreement, settled with the attorney according to its terms, receiving from him $1,000, and allowing him to retain the remainder of the fine. Butler also settled an account in the probate court, charging himself with the $1,000 he had received. He then resigned, and Legro, the appellee, was appointed guardian; and upon his petition the probate court ordered Butler to file a further account. Butler filed a second account charging himself with the other $1,000, not included in the first account, and discharging himself by the same amount paid the attorney as counsel fees. The judge of probate allowed $400 as counsel fees, and Butler took this appeal, claiming that he should be allowed the whole amount retained by the attorney. Four hundred dollars was full compensation for the services rendered. There was no fraud or intentional deception on the part of Butler in stating his first account. Dominique's agreement to pay the attorney $1,000 was not proper or prudent. At one time a petition was filed for the removal of Butler as guardian, and after a hearing the petition was dismissed. Butler offered to show that upon this hearing the settlement between himself and the attorney was proved. This evidence was rejected, and the plaintiff excepted.

*Copeland & Edgerly*, for the plaintiff.

*J. Hatch*, for the defendant.

STANLEY, J. The decision of a judge of probate regularly made upon matters within his jurisdiction is conclusive. *Bryant* v. *Allen*, 6 N. H. 116. But in order to make the decision upon the first settlement a discharge of Butler from liability for the $1,000 retained by the attorney, it must appear that the question was raised and considered in that settlement. *Allen* v. *Hubbard*, 8 N. H. 487, 489. Butler did not account for that sum, and there is no evidence that the matter was brought to the attention of the court and included in the decision then made. *Stearns* v. *Stearns*, 1 Pick. 157; *Stetson* v. *Bass*, 9 Pick. 27; *Field* v. *Hitchcock*, 14 Pick. 405. Moreover, Butler settled his first account and resigned his trust before the new guardian was appointed, and there was no one to look after, the interest of the wards, and examine the account in their behalf. Sch. Dom. Rel., *s.* 372; Smith Prob. Law (3d ed.) 216.

The determination of the petition for the removal of Butler did not necessarily involve the question of his accountability in this action. Upon petition, a guardian may be removed whenever in the opinion of the judge it may be necessary or expedient. G. L., *c.* 184, *s.* 5. The judge may have been of the opinion that Butler ought to account for the whole fine, and yet not have deemed it necessary or expedient to remove him.

Butler was bound to act judiciously and for the best interest of his wards. *Wyman's Appeal*, 13 N. H. 18. It was his duty to improve their estate frugally and without waste, collect their dues, pay their just debts out of their property in the most economical manner, and protect their rights. G. L., *c.* 184, *s.* 3. He must account for their money whether he received it or not, because he had the right to receive it, and it was his duty to collect it (*Tuttle* v. *Robinson*, 33 N. H. 104, 120), and he can discharge himself by showing any proper disbursements on their account. In no other way can the probate court supervise his administration of his ward's estate.

The contract of the attorney with Dominique was, in effect, to prosecute a suit in which he had no previous interest, for persons who had no means to pay for his services, and receive as compensation all that might be recovered not in excess of $1,000, regardless of labor, expense, or time bestowed. Agreements of this kind are contrary to public justice and professional duty, tend to extortion and fraud, and are champertous and void. *Ackert* v. *Barker*, 131 Mass. 436; *Christie* v. *Sawyer*, 44 N. H. 298, 303. Although there was no express stipulation that the attorney should have nothing if the case was lost, that was evidently the understanding. The suit was taken on shares. Dominique expected to pay nothing, and the attorney expected to receive nothing, from any other fund than the product of the litigation. Instead of Dominique's being a debtor for the value or less than the value of legal services, the price agreed on included a large premium for the risk of

failure. If the contract had been legal, the attorney would have been a litigating party, and a partner sharing the profit and loss of a speculation. The contract being illegal, the law does not imply a promise to pay him what his services were worth. As the client, in such a case, is not in equal fault, and is fully protected against the oppressive bargain, he may maintain an action for the whole amount received by the attorney, less any costs properly paid. If the attorney were not removed from office, his payment of the sum held in abuse of his official position could be made a condition of his retaining that position. The appellant is chargeable for all he could have recovered from the attorney, and is entitled to no compensation for services or expenses since the settlement of his first account.

*Decree of probate court modified.*

All concurred.