## M. J. BELDING *vs.* GEORGE A. SMYTHE.

Hampden.    Sept. 23, 1884. — Feb. 27, 1885.    C. ALLEN & COLBURN, JJ., absent.

A. executed two instruments, which purported to assign to B., an attorney at law, one half of A.'s interest in the estate of C., and to authorize B. to prosecute A.'s claim against the estate, and receive the sum recovered; and provided that A. should be saved harmless from all costs and charges if B. was unsuccessful in establishing the claim, and, if he was successful, that the amount of the cash expenses should be deducted from the sum recovered and be retained by B., and the remainder be divided equally between A. and B. *Held*, on a bill in equity by A. against B. to compel the delivery for cancellation of the instruments, that the agreements were champertous; and that the parties were not *in pari delicto.*

BILL IN EQUITY to compel the delivery to the plaintiff, for cancellation, of two instruments in writing executed by her, on the ground that they constituted an agreement between the plaintiff and the defendant, which was void for champerty and maintenance, and could not be upheld in equity.

The first instrument, dated August 16, 1883, recited that the defendant, a counsellor at law, had discovered that one William Hale had died intestate, leaving an estate to be administered upon, which was then in the hands of one Schouler, a public administrator for the county of Suffolk; that the defendant had been at great labor and expense to find the next of kin of Hale; that the plaintiff was wholly ignorant of the death of Hale, or of his leaving, or having when living, any estate whatever, and except for the labor and efforts of the defendant would never have received any part of said estate, but the same would have escheated to the Commonwealth. The instrument then conveyed from the plaintiff to the defendant one undivided half part of all the moneys, goods, chattels, and property, of every kind and nature whatsoever, to which she was entitled, or in which she had any interest coming to her, from the said Hale's estate. It also contained this clause : " It is expressly understood, however, that I, the said Mamie Jane Belding, am to be kept and saved harmless by the said George A. Smythe for all costs and charges heretofore or hereafter in any way or manner, unless the said Smythe is successful in establishing my said claim and securing said estate."

The second instrument, executed on the same day, was a power of attorney from the plaintiff to the defendant, authorizing him to petition the Probate Court within and for the county of Suffolk, and do all things necessary in obtaining a decree in behalf of the plaintiff as next of kin of William Hale. It also contained this clause : " And I hereby agree to and with my said attorney, that, after deducting all cash expenses in searching for me and procuring said decree, and collecting the same, he shall be entitled to retain fifty per cent of the balance of whatever sum shall be recovered from said William Hale's estate for his services heretofore rendered and to be rendered herein."

At the hearing, before *W. Allen,* J., the plaintiff contended that the two instruments constituted an agreement which was

unlawful and void for champerty and maintenance; and that, for that reason, she was entitled to the relief sought. The judge reserved this question for the consideration of the full court; the bill to be dismissed, unless a decree should be entered for the plaintiff for that cause.

*W. G. Bassett*, for the plaintiff.

*H. E. Fales*, for the defendant.

FIELD, J. The two agreements, taken together, purport to assign to the defendant one half of the interest of the plaintiff in the estate of William Hale, and to authorize the defendant to prosecute the plaintiff's claim against the estate and receive the sum recovered; with the provision that the plaintiff shall be saved harmless from all costs and charges if the defendant is unsuccessful in establishing the claim, and, if he is successful, that the amount of the cash expenses shall first be deducted from the sum recovered, and shall be retained by the defendant, and the remainder be divided equally between the parties. There is no express agreement on the part of the defendant that he will prosecute the claim, but this is clearly implied.

We cannot distinguish this agreement from an agreement that the defendant will prosecute the claim at his own expense and risk, unless he is successful; and, if successful, that his cash expenses shall be paid out of the sum recovered, and the remainder be equally divided. The conveyance of the one undivided half part was executed for the purpose of inducing the defendant to prosecute the plaintiff's claim, and was a method of securing to the defendant the share of the property recovered which it was agreed he should have if successful. If this interest had been previously acquired for other purposes, a subsequent agreement for the prosecution of the claim upon the terms stated would not be champertous, because the defendant would have had a legitimate interest in the litigation. But the two instruments constitute plainly but one transaction, and show that the defendant procured evidence in support of contemplated litigation in which he had no interest, and then prosecuted it only for the share of the proceeds he might get out of it under an agreement made for that purpose with the plaintiff.

We think the agreements are champertous. Pub. Sts. *c.* 160, § 6. *Ackert* v. *Barker*, 131 Mass. 436. *Williams* v. *Fowle,* 132

Mass. 385. *Reynell* v. *Sprye*, 1 DeG., M. & G. 660. *Stanley* v. *Jones*, 7 Bing. 369. *Sprye* v. *Porter*, 7 E. & B. 57. *Hutley* v. *Hutley*, L. R. 8 Q. B. 112.

The defendant in his brief contends that the plaintiff is not entitled to relief in equity, because, if the agreements are champertous, the parties are *in pari delicto*. No such contention appears in the defendant's answer. The defendant is an attorney at law, and, in dealing in this manner with one whom he makes his client, the parties are not regarded as *in pari delicto*.

*Decree for the plaintiff.*