BENJAMIN LANCY *vs.* JOHN C. P. HAVENDER.

Suffolk. March 8, 1888. — May 4, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Illegal Contract — Champerty — Insolvency Court.*

An agreement by creditors, signed by them, to pay a person employed " to collect or aid us in collecting our several claims " one half of the amount collected, whether the debtor " shall settle with or without going into insolvency, — the undersigned to pay no expenses not even from their one half of whatever may be received," — is unlawful and void for champerty.

CONTRACT to recover $819.56, for breach of the following agreement, signed by the defendant and others: "Provincetown, January 17, 1879. Having employed Benjamin Lancy, of Provincetown, to collect, or aid us in collecting, our several claims against the Union Wharf Company, of said Provincetown, we hereby agree to pay him fifty per cent of any amount received on our several claims, whether said company shall settle with or without going into insolvency, — the undersigned to pay no expense, not even from their one half of whatever may be received."

At the trial in the Superior Court, before *Hammond*, J., there was evidence that the plaintiff by his efforts, and through proceedings in the Court of Insolvency instituted by him, and at his own cost and expense, collected for, or caused to be paid to, the defendant, the sum of $1,639.13 of the latter's claim against the wharf company.

The judge ruled that the agreement was champertous, ordered a verdict for the defendant, and reported the case for the deter-

mination of this court. If the ruling was correct, judgment was to be entered for the defendant; otherwise, for the plaintiff.

*J. M. Day & T. C. Day*, for the plaintiff.

*G. Z. Adams & G. R. Blinn*, for the defendant.

W. ALLEN, J. By the agreement, the plaintiff was to have one half of the amount recovered, and was to make no charge for his services and expenses; and the action is not to recover for services rendered and money paid, but for breach of the agreement. The agreement was clearly champertous under the decisions of this court. *Thurston* v. *Percival*, 1 Pick. 415. *Ackert* v. *Barker*, 131 Mass. 436. *Belding* v. *Smythe*, 138 Mass. 530. In *Blaisdell* v. *Ahern*, 144 Mass. 393, the plaintiff's compensation was to be paid by the defendant, and the amount which might be recovered was referred to only to limit the amount with which the plaintiff might charge the defendant; in the case at bar the plaintiff undertook the collection of the debt for one half of the avails, and his only claim against the defendant is for withholding the plaintiff's share of the amount recovered.

It is argued that the agreement does not mention a suit, and that the debt might have been collected without one. But the agreement clearly contemplated legal proceedings, and the proceedings in the Insolvency Court constituted a suit.

*Judgment for the defendant.*