## P. B. WEINBERG *vs.* SOPHIE MAGID.

Plymouth.　January 2, 1934. — February 13, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Contract*, Validity.　*Champerty.*　*Evidence*, Inference.

A physician called to attend a woman, who had received serious personal injuries in an accident and who had no money to pay for medical attendance and care, at the inception of their relations made an oral contract to attend her throughout her illness, she to pay him twenty per cent of such verdict as she might recover in an action against the person who caused her injuries, and to pay him nothing if the verdict were against her. She recovered a verdict. A judge, who heard an action by the physician against the woman to enforce the oral contract, drew the inference that when the contract was made "it was within the contemplation of the parties that the plaintiff would testify in behalf of the defendant at a future trial," and ruled that the contract was invalid, found for the defendant, and reported the action to this court, stating the issue involved in the report to be "Was the contract . . . illegal?" *Held*, that
    (1) The inference drawn by the judge was warranted;
    (2) A case was presented which had every element of a champertous agreement;
    (3) The contract was against public policy and void.

CONTRACT.　Writ dated April 26, 1932.

The declaration contained a single count upon the oral contract described in the opinion.

In the Superior Court, the action was heard by *Collins*, J., without a jury. Material facts are stated in the opinion. The judge ruled "This contract may be illegal because of maintenance. If not illegal on that ground I believe it is unlawful because it contravenes professional duty and public justice." He found for the defendant and reported the action for determination by this court upon the terms stated in the opinion, stating in the report, "The issue involved in this report is the following: Was the contract entered into between the plaintiff and the defendant as above set forth illegal?"

*H. K. Stone,* for the plaintiff.

*K. T. Temple & J. H. Wolfson,* for the defendant, submitted a brief.

PIERCE, J.   This is an action of contract, in which the plaintiff seeks to recover $1,440 and interest thereon under the terms of an alleged express agreement between him and the defendant.   The case was heard in the Superior Court without a jury.   At the close of the evidence the presiding judge found for the defendant and, at the request of the plaintiff, reported the case to this court upon the following terms: "If said court is of the opinion that the plaintiff is entitled to recover, judgment may be entered for the plaintiff in the sum of $1,440 with interest at the rate of six per cent per annum from the date of demand.   I find the date of demand to be the date of the writ, to wit, April 26, 1932."

The facts disclosed by the report are in substance as follows: "The defendant received serious injuries arising from an accident.   The plaintiff, a physician, was called to attend her.   She did not have the money to pay for medical attention and care.   At the inception of their relations they entered into an oral contract under the terms of which 'he was to attend her throughout her illness, provided she agreed that his compensation would be twenty per cent of the verdict recovered against the person who caused her injuries.   If, however, the verdict was against her, it was agreed that he was to get nothing.'   The plaintiff treated the defendant for a period of more than two years.   Shortly before the case was actually reached for trial the defendant protested against her liability under this alleged contract.   Furthermore she was reluctant to proceed with the trial.   The plaintiff urged her to go forward, and threatened to institute suit against her, under the contract, unless she proceeded with the trial.   Also the plaintiff offered to withdraw from the case if the defendant paid him for the services he had rendered her.   This offer was not accepted.   A trial in the Superior Court before a jury resulted in her obtaining a verdict of $7,200.   The plaintiff testified at the trial in behalf of the

defendant and was instrumental in procuring the assistance of another medical expert who also testified."

The trial judge, by inference, found that when the agreement was made "it was within the contemplation of the parties that the plaintiff would testify in behalf of the defendant at a future trial." The facts clearly warranted the inference.

The above facts, with the inference drawn therefrom, present a case which has every element of a champertous agreement: that is, it contemplates legal proceedings; it provides for a sharing in the fruits of litigation; it is an agreement in which the champertor had no previous interest in the subject matter of the litigation; and it provides that the fruit of the litigation contracted for shall be the only compensation the champertor is to receive. *Thurston* v. *Percival*, 1 Pick. 415. *Lathrop* v. *Amherst Bank*, 9 Met. 489. *Ackert* v. *Barker*, 131 Mass. 436. *Williams* v. *Fowle*, 132 Mass. 385. *Belding* v. *Smythe*, 138 Mass. 530, 532. *Blaisdell* v. *Ahern*, 144 Mass. 393. *Lancy* v. *Havender*, 146 Mass. 615. *Gargano* v. *Pope*, 184 Mass. 571. It is to be noted that no claim has been made for services rendered the defendant prior to the making of the void agreement. *Thurston* v. *Percival*, 1 Pick. 415. Without invoking the rule governing champertous agreements, it has been directly held that a contract, by one injured, to pay a percentage of the amount received from the one responsible for the injury to his physician for services in treating the injury, is against public policy and void where the parties contemplated that the physician shall be a witness for his employer in case suit is necessary. See also *Thomas* v. *Caulkett*, 57 Mich. 392. The finding for the defendant was right.

*Judgment for the defendant.*