WILLIAM A. GRAUSTEIN *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.   April 5, 1939. — September 11, 1939.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Motion to dismiss, Appeal, Parties. *Assignment. Contract,* What constitutes, Execution, Of partnership, Validity, Consideration, Under seal. *Champerty. Attorney at Law.*

An appeal under G. L. (Ter. Ed.) c. 231, § 96, lies from an order by a judge of the Superior Court allowing a motion to dismiss founded upon matter of law apparent on the record.

The mere fact that an assignment was made "as security" did not prevent the assignee from maintaining an action on the claim in his own name under G. L. (Ter. Ed.) c. 231, § 5.

An assignment by a named "Company, Co-partners," signed and sealed in the name of the "Company" "by" an individual, did not show on its face lack of proper execution.

A sealed assignment of designated claims and causes of action "as security" did not show on its face that it was without consideration or champertous or that the assignee in suing on it was acting in violation of § 46A, inserted in G. L. (Ter. Ed.) c. 221 by St. 1935, c. 346, § 2, rather than under c. 221, § 48.

CONTRACT. Writ in the Superior Court dated April 17, 1937.

The defendant's motion to dismiss was allowed by *O'Connell*, J., and the plaintiff appealed.

*W. A. Graustein, pro se.*

*R. W. Hall,* for the defendant.

Cox, J. This is an appeal by the plaintiff from the order of a judge of the Superior Court allowing the defendant's motion to dismiss. The allegations of the plaintiff's declaration, in so far as they are material, are in substance that the "Frank H. Davis Company Co-partners," having three claims against the defendant, duly assigned them and the causes of action to the plaintiff in accordance with the writing annexed, which reads in part as follows: ". . . Frank H. Davis Company, Co-partners . . . in consideration of one (1) dollars and other valuable considerations to it paid by William A. Graustein . . . the receipt whereof is hereby acknowledged, do hereby sell, assign and transfer, as security to said William A. Graustein all our rights, title and interest in . . . [certain] claims against Boston and Maine Railroad . . . [then follows a description of the claims]. To have and to hold the same to the said William A. Graustein, with power irrevocable to collect the same in his own name, or in the name of Frank H. Davis Company. In witness whereof the said Frank H. Davis Company has caused these presents to be signed this 8 day of April 1937. Frank H. Davis Co. seal by John F. Davis."

The grounds of the motion to dismiss are: "1. That the action or right of action, if any, in the Plaintiff is based on an assignment, copy whereof is attached to the Plaintiff's Declaration. 2. That it appears from the pleadings in the case that said assignment is void as to execution. 3. That it appears from the pleadings in the case that said assignment is void as champertous and without consideration.

Wherefore the Defendant says that the Plaintiff has not a sufficient title to support the action." The indorsement, "Motion allowed," appears upon the motion. The record consists of copies of the writ, which is dated April 17, 1937, the plaintiff's declaration, the defendant's motion to dismiss, its answer, and the plaintiff's appeal.

Technically, a motion to dismiss raises only matter apparent on the record. *Crosby* v. *Harrison*, 116 Mass. 114. *Finance Corp. of New England* v. *Parker*, 251 Mass. 372, 377. Compare *White* v. *E. T. Slattery Co.* 236 Mass. 28, 30, 31. The motion in the case at bar sets forth no facts not already apparent on the record and is founded solely upon it. The parties make no other contention. The order entered on the motion was "founded upon matter of law apparent on the record," and, if allowed to stand, it is "decisive of the case." The appeal, therefore, under G. L. (Ter. Ed.) c. 231, § 96, is properly before us. *Summers* v. *Boston Safe Deposit & Trust Co.* 301 Mass. 167, 168–169.

We are of the opinion that it was error to allow the motion to dismiss.

1. By the provisions of G. L. (Ter. Ed.) c. 231, § 5, the assignee of a nonnegotiable legal chose in action which has been assigned in writing may maintain an action thereon in his own name, but subject to all defences and rights of counterclaim, recoupment or set-off to which the defendant would have been entitled had the action been brought in the name of the assignor. Although the assignment is "as security to said William A. Graustein," nevertheless upon the record it cannot be said that the plaintiff is not an assignee within the provisions of said § 5. Assignments may be made as security. *Boston Heating Co.* v. *Middleborough Savings Bank*, 288 Mass. 433, 436, 437. Compare *Sherwin-Williams Co.* v. *J. Mannos & Sons, Inc.* 287 Mass. 304, 316, and cases cited.

2. It cannot be said upon the record that the assignment is void as to execution. Frank H. Davis Company is alleged to be "Co-partners." It is true that the assignment does not set forth the individual names of the alleged "Co-partners," but it purports to be executed in the name of

the partnership. Compare *Ostrom* v. *Jacobs*, 9 Met. 454, 457; *Patch* v. *Wheatland*, 8 Allen, 102. The partnership is not being sued, compare *Haskins* v. *D'Este*, 133 Mass. 356; neither are the questions of the authority to attach the seal or of its materiality before us on this record. Compare *Alfano* v. *Donnelly*, 285 Mass. 554, 556. There is nothing to identify John F. Davis who purported to sign for the alleged partnership, but questions which might arise under G. L. (Ter. Ed.) c. 108A, §§ 4 and 9, upon a disclosure of the facts, as to the right of a partner or another to act as an agent of the partnership are not before us. Under the provisions of G. L. (Ter. Ed.) c. 231, § 30, an allegation that a party is an assignee is taken as admitted unless the party controverting the assignment files a special demand for its proof.

3. It cannot be said upon the record that the assignment is void as champertous and without consideration. It is not necessary that there should be any consideration for an assignment where the question arises between the assignee and the debtor. *Cosmopolitan Trust Co.* v. *Leonard Watch Co.* 249 Mass. 14, 19. Moreover, the assignment being under seal, which does not appear to have been affixed without authority, imports a consideration. Neither can it be said that the assignment is champertous. G. L. (Ter. Ed.) c. 221, § 48, provides that parties may manage, prosecute or defend their own suits personally. See *Opinion of the Justices*, 289 Mass. 607, 614, 615; *Matter of Lyon*, 301 Mass. 30, 33. From what has already been said there is nothing upon the record that warrants the finding that the plaintiff is not prosecuting his own suit. None of the essential elements of champerty appears. See *Weinberg* v. *Magid*, 285 Mass. 237; *Baskin* v. *Pass*, 302 Mass. 338, 341–342. As was said in the case of *Sherwin-Williams Co.* v. *J. Mannos & Sons, Inc.* 287 Mass. 304, at pages 312, 313: "The mere form of the assignment here is not conclusive of the interest which the appellant [the assignee] had . . . . It is necessary to look to the agreement which prompted its execution to see whether the transaction was champertous in nature." The facts disclosed in the case just cited, and upon which its decision rests, do not appear in the case at bar.

The defendant contends that the plaintiff comes within the provisions of G. L. (Ter. Ed.) c. 221, § 46A, as inserted by St. 1935, c. 346, § 2, which provides in part that "No individual, other than a member, in good standing, of the bar of this commonwealth shall practice law, or, by word, sign, letter, advertisement or otherwise, hold himself out as authorized, entitled, competent, qualified or able to practice law." It is true that nonmembers, as well as members, of the bar may make a champertous agreement, *Sherwin-Williams Co.* v. *J. Mannos & Sons, Inc.* 287 Mass. 304, 316, and under said § 46A one not a member of the bar may act in violation of its provisions whether his agreement with his client is champertous or not. Champerty is something apart and distinct from the offence set out in said § 46A. But even if we are to assume that the plaintiff is not a member of the bar of this Commonwealth, nevertheless, as has already been said, there is nothing on the record to disclose that he is not prosecuting this action under the provisions of G. L. (Ter. Ed.) c. 221, § 48. The difficulty with the defendant's contention is that it asks the court to assume the existence of facts that are not disclosed by the record.

It follows that the order allowing the motion to dismiss is reversed and that an order is to be entered denying the motion.
*So ordered.*