Carr, J.
This is an action of contract in which the plaintiffs seek to recover a proportionate share of counsel fees which the defendant had agreed to pay.
The plaintiffs, the defendant and several others were heirs' at law of one DeLuccia, deceased, — the defendant taking through a deceased brother of said DeLuccia. The will of said DeLuccia contained a residuary clause. If this clause could be invalidated on the ground that it violated the rule against perpetuities, the plaintiffs and the defendant and the others, who were heirs at law would receive an interest in the estate.
The plaintiffs and the defendant entered into an oral contract, by the terms of which the defendant agreed that she would participate in said litigation, and that if it was successful, she would pay the plaintiffs one eighth of the cost of litigation, after deducting therefrom whatever sum might be allowed on account thereof from the general estate of said DeLuccia by the Suffolk Probate Court, and that if said litigation was unsuccessful, the defendant *383 would ibe under no obligation to pay any part of the costs of litigation.
The plaintiffs undertook the litigation, the defendant participating; it was successful; the residuary clause was invalidated. Consequently the plaintiffs, the defendant and the other heirs each received $1,106.00 from the estate. The reasonable value of legal services and expenses was $2,500.00. The probate Court allowed $1,000.00 on account of this out of the general funds of the estate. The plaintiffs paid the balance of $1,500.00* and now seek to recover one eighth thereof from the defendant under her agreement.
The defendant seeks to avoid liability on the ground that the agreement entered into between the plaintiffs and the defendant was champertous and therefore illegal and void.
A champertous contract under the laws of the Commonwealth may for the purposes of this case be sufficiently defined as a bargain by the terms of which a person who has, except for the bargain, no interest in the subject matter of legal proceedings before a court, undertakes to prosecute such proceedings in behalf of his client, and in case of success to receive as compensation some part of the money or other property recovered, and in case of failure to receive nothing. Ackert v. Barker, 131 Mass. 436, 437; Sherwin-Williams Co. v. J. Mannos & Sons, Inc., 287 Mass. 304, 313, 314; Baskin v. Pass, 302 Mass. 338, 341, 342; cf. Manning v. Sprague, 148 Mass. 18, 20.
A contract may be champertous though entered into by persons not members of the bar. Graustein v. Boston & Maine Railroad, 304 Mass. 23, 27.
It therefore seems clear that the contract in question is not illegal. Where,, as in the agreement before the court, parties undertaking to carry on such proceedings, have an interest in the subject matter, the bargain is not *384 champertous. Call v. Calef, 13 Met. 362, 365; Ridge v. Coleraine, 11 Gray 157, 162, 163; Williams v. Fowle, 132 Mass. 385; Reed v. Chase, 238 Mass. 83, 86.
It is not necessary to consider another, exception mentioned by Blackstone that a man may “maintain the suit of his near kinsman, servant, or poor neighbor, out of charity and compassion, with impunity.” 4 Bl. Comm. 135, which may include relationship by affinity. Lathrop v. Amherst Bank, 9 Met. 489, 490, 491.
The issues which the defendant raised before the trial judge are shown by her five requests for rulings. Those numbered 1 and 3 have to do with the agreement between the plaintiffs and the defendant. Number 2 has to do with the effect of champertous contracts on persons not members of the bar. Number 4 has to do with burden of proof and 5 seeks a ruling on all the evidence without specifications as provided by Buie 28 of this court. On appeal the defendant saved her rights only as to request 1, 3 and 5. As the case is reported we find no error in the disposition of the first and third requests and decline to review the fifth (see said rule 28).
Before the Appellate Division the defendant argued that the agreement between the plaintiffs and the counsel who conducted the proceedings in the Probate Court was champertous and, as we understand the argument, that this invalidated the agreement between the plaintiffs and the defendant. We have no means of knowing what evidence would have been reported or what facts would have been found by the trial judge, if the issue had been presented to him.
It is a well established principle that in a review of questions of law before an Appellate Court, parties may not raise a new issue not relied on before the trial judge. Anderson v. Beacon Oil Co., 281 Mass. 108, 110 et seq. Roth *385 well v. First National Bank, 286 Mass. 417, 422. Baggs v. Hirschfield, 293 Mass. 1, 2.
Cases where on established facts courts. of appeal have taken notice of illegality are not in conflict with this principle. cf. Reuter v. Ballard, 267 Mass. 557, 563, cf. Baskin v. Pass, 302 Mass. 338, 340, 342.
We therefore do not pass on the new issue except to state that the facts for which the defendant contends have not been established by the trial judge and that the defendant has much over-emphasized the effect of such evidence as is reported on the subject.
Report dismissed.