AMALIA DiVENUTI & another *vs.* GRACE DeLUCCIA. February 9, 1943. Order dismissing report affirmed. This is an action of contract brought in the Municipal Court of the City of Boston to recover a proportionate part of the expenses of litigation in the Probate Court involving the validity of the residuary clause of the will of one DeLuccia. There was a finding for the plaintiffs. The case comes before us on an appeal from an order of the Appellate Division dismissing a report of the denial by the trial judge of three requests for rulings made by the defendant. Two of these requests — numbered 1 and 3 — were for rulings to the effect that the agreement between the plaintiffs and the defendant upon which the action was brought was champertous. There was no error in denying these requests. There was evidence, and the judge found, that there was an oral agreement between the plaintiffs and the defendant "by the terms of which the defendant agreed that she would participate in said litigation, and that if it was successful she would pay the plaintiffs one eighth of the cost of said litigation, after deducting therefrom whatever sum might be allowed on account thereof from the general estate of said DeLuccia by the Suffolk Probate Court, and that if said litigation was unsuccessful, the defendant would be under no obligation to pay any part of the cost of said litigation." There was evidence, and the judge found, that the plaintiffs and the defendant were interested in the result of the litigation in the Probate Court and would benefit by a decision that the residuary clause of the will of DeLuccia was invalid, and that there was such a decision. In view of this evidence of the interest of the plaintiff and the defendant in the result of the litigation it could not have been ruled that the agreement between them was champertous. *Call* v. *Calef,* 13 Met. 362. *Rindge* v. *Coleraine,* 11 Gray, 157, 162. *Williams* v. *Fowle,*

132 Mass. 385, 388–389. *Hadlock* v. *Brooks*, 178 Mass. 425. *Reed* v. *Chase*, 238 Mass. 83. *Sherwin-Williams Co.* v. *J. Mannos & Sons, Inc.* 287 Mass. 304, 313–314. *Baskin* v. *Pass*, 302 Mass. 338, 341–342. Am. Law. Inst. Restatement: Contracts, § 543. Williston, Contracts (Rev. Ed.) § 1714. We do not intimate, however, that, even in the absence of such evidence of interest, the requested rulings could rightly have been made. See *Blaisdell* v. *Ahern*, 144 Mass. 393, 395–396. The defendant makes the further argument that the agreement between the plaintiffs and their counsel in the litigation in the Probate Court was champertous and that for this reason the agreement between the plaintiffs and the defendant was unenforceable. It is doubtful whether this question is presented by these requests for rulings. But if it be assumed — as we do not decide — in favor of the defendant that this question is so presented and that the plaintiffs could not recover from the defendant if the agreement between the plaintiffs and their counsel was champertous, there was no error in the denial of these requests. The evidence relating to the agreement between the plaintiffs and their counsel did not require a finding that this agreement was champertous on the ground that counsel was to be paid solely out of the proceeds of the litigation if it was successful and no debt of the plaintiffs in the present case to their counsel would be created, or on the ground that such counsel undertook to carry on the litigation at his own risk and expense with respect to disbursements, or on any other ground. *Blaisdell* v. *Ahern*, 144 Mass. 393, 395–396. *Baskin* v. *Pass*, 302 Mass. 338, 341–342. Compare *Ackert* v. *Barker*, 131 Mass. 436; *Weinberg* v. *Magid*, 285 Mass. 237, 239. The other request of the defendant that was denied — request numbered 5 — was a request that the evidence was insufficient to warrant recovery by the plaintiffs. It was not reviewed by the Appellate Division since it did not comply with Rule 28 of the Municipal Court of the City of Boston (1940), and we are not called upon to review it. It may be added, however, that for reasons already stated no error in the denial of this request is shown.

*V. Mottola*, for the defendant.

*J. R. Zottoli*, for the plaintiffs, submitted a brief.