THOMAS NELSON, APPELLANT *v.* DAVID EVANS AND LINDSAY R. ROGERS, PARTNERS BY THE FIRM NAME OF EVANS & ROGERS, RESPONDENTS.

ATTORNEY AND CLIENT. — CHAMPERTOUS CONTRACT.

An agreement between attorney and client, whereby the attorney undertakes and agrees to furnish and pay all costs and expenses, in a case which he is to prosecute, in con-

sideration of a share in the proceeds of any judgment recovered, is champertous against public policy, and can not be enforced by either party.

(Decided March 20, 1900.)

Appeal from the Second District Court, Weber County, Hon. H. H. Rolapp, *Judge.*

Action by plaintiff to recover of defendants, attorneys at law, a certain sum claimed under a contract between plaintiff and defendants in the following language.

"Ogden, Utah, Dec. 2, 1893.

We, the undersigned, agree to give Thomas Nelson one-third of one-half of any moneys which may be collected either on compromise or otherwise, in the case of Alfred H. Nelson, as administrator of the Estate of Charles A. Nelson, deceased, against Southern Pacific Company, in consideration of said Thomas Nelson furnishing witnesses to prosecute said case."

Defendants demurred that the complaint did not state facts sufficient to constitute a cause of action, and in support of their demurrer urged that the contract was champertous and illegal. The demurrer was sustained, and plaintiff electing to rely on his complaint, a judgment of dismissal was entered and plaintiff appealed to this court. *Affirmed.*

*P. L. Williams, Esq., W. Van Cott, Esq.,* and *George Sutherland, Esq.,* for appellant.

*A. G. Horn, Esq.,* for respondents.

Per Curiam.

Among other allegations, the complaint charges that Charles A. Nelson was killed while traveling on the

train of the Southern Pacific Railway Company, and that the plaintiff, as administrator, under a contract made with the law firm of Evans & Rogers, commenced and prosecuted a suit for the recovery of damages arising through the negligence of the company; that the defendants agreed to prosecute the action for damages, and as compensation for their services and expenses incurred in carrying on the suit, and for the fees of officers, obtaining the attendance and providing for the expenses of witnesses, and other like costs and expenses as might be incurred in the trial of the case, the defendants agreed to accept, and Nelson agreed to pay, one-half of whatever sum might be recovered as damages in said action; that in consideration thereof, the defendants agreed to prosecute the case to final judgment, and also to pay and discharge all taxable costs incurred incident to procuring witnesses, and other costs in the prosecution of the case, and that upon said agreement being made the defendants commenced to prosecute said action successfully to judgment; that on December 2, 1893, a written contract was made between the parties, whereby it was agreed between them as follows:

"Ogden, Utah, Dec. 2, 1893.

We, the undersigned, agree to give Thomas Nelson one-third of one-half of any amounts which may be collected either on compromise or otherwise, in the case of Alfred H. Nelson, as administrator of the estate of *Charles A. Nelson, deceased*, v. *Southern Pacific Co.*, in consideration of said Thomas Nelson furnishing witnesses necessary to prosecute said case."

It is further alleged that said case was tried three times, the last resulting in a judgment for the plaintiff in the sum of $10,760, which sum was paid, and one-half thereof, namely, $5,380, was received by defendants herein; that

said defendants successfully prosecuted said action; that plaintiff procured the necessary witnesses therein, and paid the expenses of said witnesses, during their attendance at the trials of said case, and paid divers sums of money for the taking of depositions to be used on the trial thereof; that by reason of such services and such payments plaintiff was entitled to receive one-third of one-half of said sum recovered, namely, $1,793.33; that plaintiff had demanded from defendants one-third of one-half of said judgment and interest, so received by them; to wit: $1,793.33, which demand was refused.

To this complaint defendants interposed a demurrer that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the action dismissed with costs.

Upon the argument of this case, counsel for the defendant, in support of the demurrer claimed that the facts as stated in the complaint show that it does not state a cause of action, for the reason that it appears therefrom that the contract made as alleged was champertous and illegal as between the parties thereto, and that defendants were charged therein with illegally maintaining and prosecuting action.

This contract was made in December, 1893, before Sec. 135, Rev. Stat. 1898, was enacted.

It appears from the complaint that defendants were to furnish and did furnish and pay the expenses and fees of witnesses, the expenses of obtaining depositions of witnesses, fees of officers, and other like costs and expenses that occurred during the prosecution of the case, and that they agreed to pay all taxable costs that might arise in the action.

In the case of *Croco* v. *Oregon Short Line R. R. Co.*, 18 Utah, 321, this court held that the common law was in

force in this State at the time of the adoption of the pres-
ent constitution, so far as was compatible with our situa-
tion and government, and that its force as applied to
champertous contracts was modified by the passage of
Sec. 3683, C. L. U. 1888 ; and it was further held that
"Under Sec. 3683 it was competent for an attorney and
client to agree upon the attorney's compensation, and
such compensation may be made contingent upon success,
and payable by percentage or otherwise, out of the pro-
ceeds of the litigation.    But it was not competent for
the attorney, in consideration thereof, to agree to pay the
advance fees and costs of suit thereafter to be com-
menced."

We are of the opinion that any agreement between the
attorney and his client, whereby the attorney undertakes
and agrees to furnish and pay the expenses of the wit-
nesses and officers, and other expenses and costs in the
prosecution of a case which he is to commence and pros-
ecute, in order to establish and assert a claim of the
client, in consideration of which he is to receive a stated
part or share of the amount thereby recovered, and who,
during the prosecution of the action maintains the suit
by paying such expenses, is champertous and against pub-
lic policy, and can not be enforced by either party under
the law of this State, as it stood when this action was
commenced.

In the absence of such agreement the measure and
mode of compensation of attorneys was by statute left to
the agreement of the parties, and might include a share of
the results of a litigation, or the amount thereof may de-
pend upon contingency.

The contract as stated in the complaint is illegal, and
comes within the rule prohibiting maintenance and cham-
perty.    *Croco* v. *Oregon Short Line R. R. Co.*, 18 Utah,

311; *Lyon* v. *Hussy*, 31 N. Y., Supp. 281; *Gilbert* v. *Holmes*, 64 Ill., 548; *Lacy* v. *Havender*, 146 Mass., 615; 5 Am. & Eng. Enc. of Law, p. 824.

The demurrer to the complaint was properly sustained. The judgment of the district court is affirmed, with costs.