HORACE W. PHILBROOK *vs.* OLIVER N. MOXEY.

Suffolk. January 10, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Contract*, Implied: common counts, Performance and breach. *Attorney at Law.*

In an action by an attorney at law for compensation for services, with a count upon an account annexed, it appeared that the plaintiff was employed by the defendant to effect a settlement of certain suits pending against the defendant's wife, that the plaintiff performed certain services of this character, whereupon the defendant gave him a memorandum signed by the defendant agreeing to pay the plaintiff a certain sum of money for effecting a settlement of certain proceedings and suits then pending against the defendant's wife which should be satisfactory to the defendant, that the plaintiff thereafter performed further services in endeavoring to procure a settlement, that soon afterwards the defendant told the plaintiff that he did not wish to make any settlement but preferred to contest the cases, and that the plaintiff declined to take part in a contest on the ground that he had been employed to make a settlement. *Held*, that a finding for the plaintiff, for the reasonable value of his services rendered before the defendant's termination of his employment, was justified, and that whether the plaintiff had effected a settlement satisfactory to the defendant was immaterial as the defendant had repudiated his agreement.

SHELDON, J. This is an action by an attorney at law to recover for professional services rendered to the defendant and upon a written agreement signed by the defendant. Both parties are residents of San Francisco, California.

At the trial in the Superior Court before a judge without a

jury it appeared that the defendant was married to his present wife in San Francisco in July, 1902; that while they were engaged to be married she deeded to him real estate of large value situated on Summer Street in Boston and in California; and that various suits afterwards were brought against him and his wife in California, to recover alleged debts due from him, to have his wife declared incompetent to manage her property and to have a guardian of her property appointed and the deeds which she had given to him cancelled; and that a petition had been filed in the Probate Court for the County of Suffolk in this Commonwealth to have his wife put under guardianship on the ground of insanity. While these suits were pending, the defendant and his wife being represented in them by various other counsel, and after an opinion had been filed by the California court in one of the suits declaring Mrs. Moxey incompetent to manage her property, the defendant employed the plaintiff, saying that he wanted these suits settled. There was evidence that the plaintiff attended hearings in these suits in the California courts, and rendered other services to the defendant in them which are stated in the testimony; that he attempted to arrange a settlement, and, by April 16, 1903, had agreed with one of the counsel who were prosecuting those suits on terms of settlement which that counsel assured him would go through. On that day, the defendant, at the request of the plaintiff, signed a letter authorizing the plaintiff to settle the cases pending against the defendant and his wife on terms therein stated in detail, and promising to pay to the plaintiff " for your service heretofore rendered to my said wife or myself and for negotiating and helping to effectuate the said contemplated settlement, . . . the sum of ten thousand dollars as soon as the said settlement is made and carried into effect."

There was evidence that immediately after this some difficulties arose that prevented the immediate making of the settlement, and this letter was given up, and the following paper was signed by the defendant, being the contract declared on in the plaintiff's declaration :

" San Francisco, Cal., April 25, 1903. Memorandum. It is understood and agreed between Horace W. Philbrook and myself that for effecting a settlement which shall be satisfactory to me of the guardianship proceeding now pending against my wife

and of the property disputes involved therein or to which the said proceeding may relate, his fee or compensation to be paid to him by me shall be the sum of twelve thousand five hundred dollars ($12,500). It is understood that Mr. Horace W. Philbrook may have to go to Boston, Mass., in the course of carrying out such settlement, and if it should be necessary for him to do so that fact will not increase his compensation over that herein expressed. It is also understood that the abovesaid compensation will cover all his services heretofore rendered, and also that he is to pay at his own charge any additional lawyer that he may bring into the case in the course of and for the purpose of effecting such settlement."

The plaintiff rendered further services in endeavoring to procure a settlement after this paper was signed.

In May, 1903, a new suit was brought against the defendant by a guardian of his wife appointed in California, to set aside the deeds which she had given to the defendant. The plaintiff testified that soon after this the defendant told the plaintiff he did not wish to make any settlement, but preferred to contest the cases. The plaintiff said that he had been employed to make a settlement, and declined to take part in a contest. Thereupon the defendant forbade him to make any settlement.

The defendant testified that after the suit of May, 1903, was brought, the plaintiff told him that no settlement could now be made and the defendant would have to get other counsel; that the plaintiff could not appear in court to contest the cases. After this the plaintiff did nothing more for the defendant. He never appeared as attorney of record in any of the cases for the defendant and his wife. He testified that apart from the contract his services were fairly worth $10,000.

There was evidence that after the plaintiff had wholly ceased to act for the defendant the terms of a settlement were arranged between other counsel employed by the defendant and the counsel of his adversaries, conditioned on Mrs. Moxey's being first judicially restored to capacity in California and having the proceedings declaring her incompetent dismissed. But the California court declined to do this, no settlement has been made, and the suits still are pending.

The defendant offered in evidence the cases of *Mattingly* v

*Pennie,* 105 Cal. 514, and *Bartlett* v. *Odd Fellows' Savings Bank,* 79 Cal. 218. The plaintiff put in §§ 1440, 1511, 1512, 1515 and 3302, of the California Code, and the cases of *Webb* v. *Trescony,* 76 Cal. 621, *Baldwin* v. *Bennett,* 4 Cal. 392, *Griffith* v. *Happersberger,* 86 Cal. 605, 614, and *Crane* v. *McCormick,* 92 Cal. 176, 181, 182.

On this evidence the defendant asked the judge to rule that the plaintiff could not recover; that the plaintiff in order to recover must prove that he effected a settlement satisfactory to the defendant of the guardianship proceeding pending against the defendant's wife on April 25, 1903, and of the property disputes involved therein or to which the proceeding related; that by the law of California the plaintiff cannot recover unless. he can prove that he effected such a settlement. The judge refused to make any of these rulings, made a finding of $2,500 for the plaintiff, and at the defendant's request found that the plaintiff has never effected such a settlement as is mentioned in the defendant's requests. The case comes before us upon the defendant's exceptions to the judge's refusal to make the rulings requested, and to the finding for the plaintiff.

We must consider that the judge found that the plaintiff had at the defendant's request rendered to the defendant services which were fairly worth the amount found, in endeavoring to make a settlement of the suits brought against his wife; that the plaintiff was employed only to effect a settlement, and not to contest the cases in court; that pending the performance of these services the defendant executed the paper of April 25, 1903, and that the plaintiff accepted this, but that the defendant afterwards refused to allow the plaintiff to make a settlement under this paper and repudiated it and forbade the plaintiff to act further; and on these findings it is manifest that the judge was justified in refusing the first ruling requested and in finding for the plaintiff for the value of the services actually rendered by him before the defendant's termination of his employment. It is too plain for argument that such a finding properly could be made on the third count of the plaintiff's declaration, which was upon an account annexed for professional services. No question of pleading appears to have been raised at the trial. And in such a state of facts, the defendant having terminated the plaintiff's

employment and withdrawn the proposition to pay to him the sum named in the paper of April 25, it was no longer material whether the plaintiff had or had not effected the settlement stated in that paper, and the judge well might refuse to give the defendant's second and third requests for rulings.* They were not applicable to the facts which appear to have been found by the judge.

The sections of the California Code and the decisions of the Supreme Court of California put in evidence, if the question were material, would lead us to the same conclusion. The two cases put in by the defendant, *Mattingly* v. *Pennie* and *Bartlett* v. *Odd Fellows' Savings Bank, ubi supra,* contain nothing to the contrary. Though the defendant had the right to discharge his attorney at any time, yet he must pay for the services which had been rendered up to the time of such discharge if the paper of April 25 did not constitute a binding contract between the parties; if it did, then he must pay damages for its breach. See *Tenney* v. *Berger,* 93 N. Y. 524, 529.

*Exceptions overruled.*

*J. Smith, Jr.,* for the defendant.
*G. R. Swasey,* for the plaintiff.

---

* The requests referred to were as follows:

" 2. The plaintiff in order to recover must prove that he effected a settlement satisfactory to the defendant of the guardianship proceeding, pending against the defendant's wife upon April 25, 1903, and of the property disputes involved therein or to which the proceeding related.

" 3. By the law of California the plaintiff cannot recover unless he can prove that he effected a settlement satisfactory to the defendant of the guardianship proceedings pending against the defendant's wife upon April 25, 1903, and of the property disputes involved therein or to which the proceeding related."