MARVIN M. TAYLOR *vs.* HARRY ROSENBERG.

Worcester.    September 28, 1914. — October 24, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Contract,* Validity.  *Champerty.  Attorney at Law.*

An agreement between a landowner and an attorney at law, that the attorney shall receive for his services, in trying before the county commissioners a petition for damages to be paid for land of the landowner taken by a railroad corporation, an amount equal to one and a half per cent of the amount awarded as damages together with the amount of all cash disbursements and expenses incurred for the trial and the taxable costs allowed by law before the county commissioners, is not champertous, but is a valid contract; and it here was *held,* that an attorney at law in an action on such a contract could recover the agreed compensation.

CONTRACT by an attorney at law to recover compensation for his services. Writ dated July 12, 1912.

The declaration contained two counts. The first count alleged that the plaintiff on December 31, 1909, made an oral contract with the defendant to try as attorney for him a certain petition for damages, which the plaintiff theretofore had brought for the defendant against the Norwich and Worcester Railroad Company and which then was pending before the county commissioners of the county of Worcester, for the compensation of one and a half per cent of the amount which the county commissioners should find to be the damages to which the defendant was entitled as against the railroad company, together with all the cash disbursements and expenses which the plaintiff might incur and the taxable costs allowed by law before the county commissioners; that in pursuance of this contract the plaintiff tried the case before the county commissioners, and that on July 10, 1910, the county commissioners found the amount of the damages to which the defendant was entitled upon the petition to be $13,-928.83, of which one and a half per cent was $208.93; and that the costs allowed by law before the county commissioners amounted to $48.49; also alleging certain disbursements amounting to $9.94; the whole claim under the first count amounting to $267.38 with interest from July 12, 1910.

The second count was on an account annexed containing charges for alleged services rendered by the plaintiff to the defendant and disbursements connected therewith, amounting to $1,197.56, relating to various matters, chief among which was the trial before a jury in the Superior Court, upon appeal from a decree of the county commissioners, of the same case against the Norwich and Worcester Railroad Company which was the foundation of the first count.

The defendant's answer as amended contained a general denial, and alleged that the agreement declared on in the first count of the plaintiff's declaration was unlawful, illegal, champertous and against public policy; and that the compensation sought in the second count of the plaintiff's declaration was for a continuation of the same services declared on in the first count by way of a special contract, which was alleged to be unlawful, illegal, champertous and against public policy. There also was an allegation of payment.

In the Superior Court the case was tried before *Raymond,* J.

The following facts, which were found by the judge, were shown by the evidence:

That before the making of the contract referred to in the first count, the Norwich and Worcester Railroad Company had taken according to law, and not by virtue of any contract with the defendant, certain real estate of the defendant for the purpose of extending a spur track of its railroad over it; that, also, before the making of the contract, the plaintiff had brought a petition to the board of county commissioners of Worcester County under St. 1906, c. 463, Part II, §§ 82 *et seq.*, for an assessment of the damages for the land so taken, which petition then was pending before the county commissioners; that, for the purpose of coming to an agreement relative to the trial of the case before the county commissioners, the plaintiff and the defendant, knowing and agreeing that there was no question as to the liability of the railroad corporation, but only as to the amount of the damages which might be recovered, and believing that, according to their best judgment, the amount probably would be from $12,000 to $15,000, mutually agreed, as the method by which they would determine how much the plaintiff should receive for his services in trying the case before the county commissioners, that he should receive one and a half per cent of the amount which the county commissioners should find to be the damages to which the defendant was entitled against the railroad company, together with all the cash disbursements and expenses which the plaintiff might incur and the taxable costs allowed by law before the county commissioners; that the cash disbursements of the plaintiff in this case during the trial amounted to $9.94; that the costs of the petitioner Rosenberg, as taxed before said county commissioners, amounted to $48.49; that one and a half per cent of the amount at which the county commissioners assessed the damages ($13,928.83) was $208.93.

The special contract referred to in the first count related only to the trial of the case before the county commissioners.

It was agreed that the charges of the plaintiff for the services rendered and declared for in the second count were reasonable.

On August 3, 1912, when the amount recovered by the petitioner Rosenberg was received and paid out in settlement of all the mortgages upon the land in question, there was left in

the hands of the plaintiff in this case the sum of $148.72 which he credited upon his account against the defendant Rosenberg.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. The contract which the plaintiff declared on in Count 1 is illegal and invalid with reference to the law of champerty.

"2. The fact, that the plaintiff was to receive his cash disbursements and expenses which he might incur, is immaterial and does not make the contract, if otherwise champertous, valid.

"3. Neither can the plaintiff recover under a *quantum meruit* for his services if he claims a special contract which has been declared invalid.

"4. If the evidence shows that the defendant employed the plaintiff as counsel under an agreement, by the terms of which the plaintiff's fees and compensation were contingent upon the recovery of some part of the money and were to be paid out of the fund so recovered, and that such proportionate share was to be the only compensation which the plaintiff should receive, then the contract is illegal and invalid."

The judge refused to make any of these rulings, and found for the plaintiff in the sum of $1,391.98. The defendant alleged exceptions.

The case was submitted on briefs.

*D. J. Daley & W. A. Murray*, for the defendant.

*C. B. Perry, M. M. Taylor & M. C. Taylor*, for the plaintiff.

SHELDON, J. These exceptions relate only to the first count of the plaintiff's declaration.

The special contract found to have been made between the parties was not champertous. The plaintiff in any event was to be paid for what he was to do. Both parties treated it as certain that the defendant must recover some compensation for the taking of his land by the railroad company. It was merely the amount of the plaintiff's compensation that was made dependent upon the amount so to be recovered. The facts here presented are stronger for the plaintiff than those which appeared in *Hadlock* v. *Brooks*, 178 Mass. 425; and the decision there rendered is decisive in favor of this plaintiff.

*Exceptions overruled.*