IDA BENNETT, administratrix, *vs.* THOMAS F. TIGHE & others.

Suffolk. March 7, 1916. — May 18, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Attorney at Law. Assignment. Contract,* Validity. *Champerty. Interest.*

Where a client, who is unable to provide funds for the payment of the expenses of the prosecution of a suit against a third person, before the suit is brought assigns to an attorney at law, to secure payment to him for his legal services, all his interest in and to the claim, and there is no agreement that the attorney should not be paid for his services if he was unsuccessful in prosecuting the action, the assignment is not champertous and is valid.

Where, by the provisions of such an assignment, it is clear that the whole amount of the claim was intended to be assigned, the assignee is entitled to receive accumulated interest as incidental to the right to receive the principal sum.

CROSBY, J. This is a suit in equity brought by the plaintiff, Bennett, and by Robert J. Fawcett and Robert Fawcett, intervening petitioners, as judgment creditors of the defendant, Thomas F. Tighe, to reach and apply to the payment of their claims the interest of Thomas F. Tighe in a judgment recovered by him and others in an action against the Maryland Casualty Company, the exceptions of the defendant in that case having been overruled by this court. *Tighe* v. *Maryland Casualty Co.* 218 Mass. 463.

On August 17, 1910, and before the recovery by these plaintiffs, respectively, of their judgments against Thomas F. Tighe, the

---

latter and his co-plaintiffs had by a written instrument assigned *
all their interest in their claim against the Casualty Company to
Daniel H. Coakley and James P. Magenis, and afterwards Coak-
ley and Magenis assigned and conveyed all the interest which they
received by virtue of the assignment to one David Stoneman.
The amount of the judgment recovered by Tighe and others against
the Maryland Casualty Company has been paid into the Superior
Court by the defendant in that action, and is to be paid to the
person or persons found to be entitled thereto by decree of court
in this case. Stoneman has appeared and filed a claim for the
whole amount of the fund by virtue of the assignments above re-
ferred to. The plaintiffs contend that the assignment to Coakley
is a champertous agreement, and therefore void.

---

* This assignment was as follows:

"Whereas Matthew Adler, a minor of Boston, County of Suffolk and
Commonwealth of Massachusetts, recovered judgment against Thomas
F. Tighe, James B. Tighe, Edward Tighe and Patrick H. Tighe, co-
partners, doing business in said Boston under the name and style of
Thomas F. Tighe & Sons, in an action of tort, for the sum of" $4,943.75;
"and whereas execution was issued out of the Superior Court for the County
of Suffolk and Commonwealth of Massachusetts, on the 7th day of December,
A.D. 1909, for said sum of $4,943.75; and whereas the Maryland Casualty
Company, a corporation duly organized by law, and doing business in said
Boston, has refused to indemnify us under its policy of insurance to the extent
of the amount of said execution; and whereas we have made claim against said
Casualty Company to the amount of said execution; and said Casualty Com-
pany has defaulted in the performance of its obligation under said policy of
insurance; and whereas we have been compelled to borrow the amount of
said execution in order to meet the demands of same, and now purpose to
recover back from said Casualty Company the amount we have raised, to
wit, the sum of $4,943.75.

"Therefore, in pursuance of our intention to recover said amount from said
Casualty Company, and in consideration of Daniel H. Coakley, Esq., of Boston
aforesaid, undertaking to prosecute said claim against said Casualty Company
to final judgment, we hereby sell, assign, and transfer over to said Daniel
H. Coakley out of said judgment to be recovered, the sum of one thousand
dollars now due and becoming due to us, to have and to hold the same to the
said Daniel H. Coakley, with power to collect the same in our names and as
our attorney hereunto duly authorized, and with power to collect in our names
the balance of said sum of" $4,943.75, "which balance we hereinafter dis-
pose of.

"And further, in consideration of the sum of one dollar and other con-
siderations this day paid to us by James P. Magenis, of said Boston, as he is

A judge of the Superior Court by whom the suit was heard,* found that "the said Tighes carried a policy of liability insurance issued by the Maryland Casualty Company, which the said Casualty Company refused to pay. It was deemed necessary in order to sue said Company, to provide in some way for paying the Adler judgment. To accomplish this, and also in order to pay Coakley for his services in prosecuting the suit, the Tighes, who had no money for the purposes, made the assignment in question. The assignment was made for a valuable consideration, and transferred to the assignees all of the said Tighes' interest in and to their claim against the Casualty Company. Coakley, who was duly authorized by Magenis, assigned all their interest in said assignment to the claimant Stoneman for a valuable consideration. Coakley took the assignment as security for his services. These services he rendered successfully, and the amount charged therefor was reasonable. There was no evidence of any agreement that said Coakley should not be paid for his services if he was unsuccessful in prosecuting this suit. Both Coakley and Thomas F. Tighe testified, and neither was asked any question relative to such an agreement. I rule and find that under the circumstances stated, the assignment did not constitute a champertous agreement, and is valid and binding. The fund paid into court exceeded the amount of $4,943.75 by reason of interest which had accumulated on said amount."

In view of these findings upon evidence which is not reported, we are unable to say that they were not warranted. The assignment to Coakley was of a portion of the judgment to be recovered, the sum of $1,000, the balance of the judgment by the terms of the agreement being assigned to Magenis.

The judge having found that there was no evidence of any agree-

---

attorney for Matthew Adler, aforesaid, we hereby sell, assign, and transfer to said James P. Magenis all of the balance of said sum of $4,943.75, to wit, the sum of $3,943.75, together with accrued costs whatever they may be, due and becoming due to us from said Maryland Casualty Company in a suit of law to be commenced by us; and to have and to hold the same unto the said James P. Magenis, with power to collect the same in our names and as our attorney hereunto duly authorized."

Here followed the in testimonium clause and the signatures and seals of the Tighes.

* *Morton*, J.

ment that Coakley should not be paid for his services if he was unsuccessful in prosecuting the action, it was not a champertous contract and is to be distinguished from that considered by this court in *Gargano* v. *Pope,* 184 Mass. 571. The finding that the assignment was executed to secure the payment to Coakley for legal services did not of itself make it illegal. As was said in the case of *Blaisdell* v. *Ahern,* 144 Mass. 393, at page 395, "Where the right to compensation is not confined to an interest in the thing recovered, but gives a right of action against the party, though pledging the avails of the suit, or a part of them, as security for payment, the agreement is not champertous." *Hadlock* v. *Brooks,* 178 Mass. 425. *Delval* v. *Gagnon,* 213 Mass. 203.

The remaining question is whether the assignment includes the interest which has accumulated on the judgment. By the terms of the agreement, the whole amount of the claim was intended to be assigned. The assignee is entitled to receive the accumulated interest, as incidental to the right to the principal sum, in the absence of anything to show that the parties intended a different disposition as to interest. Besides the judge has expressly ruled and found that the assignment was intended "to cover the amount of the final judgment against the Maryland Casualty Company, principal and interest, and was not limited to the exact amount stated in the assignment."

What has been said disposes of all the questions raised. The entry must be

*Exceptions overruled.*

*F. Hunt,* for the plaintiff.
*J. G. Walsh,* for the claimant.