JACOB B. ZUCKERNIK *vs.* JORDAN MARSH COMPANY.

JORDAN MARSH COMPANY *vs.* JACOB B. ZUCKERNIK.

Suffolk.   December 11, 1934. — March 13, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Equity Jurisdiction*, Accounting.  *Practice, Civil,* Election.  *Equity Pleading and Practice,* Election; Master: exceptions to report, drawing of inferences; Decree; Appeal; Costs.  *Contract,* Construction, Performance and breach.  *Attorney at Law.*

In a suit in equity for an accounting, both sides of the account are open for determination, and it is unnecessary for the defendant to file a counterclaim in order to secure a determination of items in his favor.

Where the defendant in an action by an attorney at law against a client for services rendered and disbursements made in collecting money for the client declared in set-off for money collected and not remitted to the client and also brought a suit in equity against the attorney for an accounting, and it appeared that the balance of accounts was in favor of the client, it was proper to require the client to elect whether to proceed to judgment against the attorney in the action at law or to a decree in the suit in equity ordering the attorney to pay the same amount.

An exception to the report of a master in a suit in equity has no validity and must be overruled unless the alleged error upon which it is grounded appears upon the face of the report.

Upon appeal in a suit in equity from a final decree entered after the filing of a master's report to which there are no exceptions, the question, what is the proper decree on the facts, is open in this court; and this court may draw, from subsidiary facts found by the master, inferences of fact different from those drawn by the master and the judge who ordered the entry of the decree.

Under an agreement between an attorney at law and a client whereby the attorney was to collect overdue accounts of the client, for which he was to receive a certain percentage of the amounts collected, and was to be reimbursed for the "court costs actually paid by him," the attorney was not entitled to reimbursement for travelling expenses,

or for the expense of obtaining descriptions of real estate owned by the client's debtors, or for advances to out of town attorneys in cases which the attorney could not well handle personally.

Where there was an honest controversy between an attorney at law, who had acted in good faith, and a client with respect to money collected by the attorney and not remitted after demand therefor by the client, and to the sum to which the attorney was entitled for his services and expenses in making the collection, the attorney had not forfeited his right to compensation for his services nor rendered himself liable for the penalty provided by G. L. (Ter. Ed.) c. 221, § 51; nor was an award against the attorney of the entire cost of proceedings for an accounting between the parties required.

Where an agreement between an attorney at law and a client, whereby the attorney was to collect overdue accounts of the client and was to receive a certain percentage of the sums collected, was terminated rightfully by the client and the attorney thereupon returned to him certain unfinished accounts, the attorney was entitled only to the specified percentage of sums actually collected on the unfinished accounts; he was not entitled to his percentage upon the further sums which he would have collected on such accounts if they had been left in his hands, or to any compensation for work which he had already done on them but which had not yet brought results.

No period of time having been agreed upon for the duration of an agreement between an attorney at law and a client with respect to the collection by the attorney of overdue accounts of the client, there was no breach thereof by the client in terminating the arrangement and requiring the attorney to return unfinished accounts to him.

CONTRACT. Writ dated May 19, 1932. Also, a

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated May 21, 1932.

Proceedings in the Superior Court in the action at law and the suit in equity are described in the opinion. The "finding" for the defendant in the action at law was made by *Greenhalge*, J., by whose order the final decree was entered in the suit in equity.

*C. H. Dow*, for Zuckernik.

*C. B. Barnes, Jr.*, for Jordan Marsh Company.

LUMMUS, J. Jacob B. Zuckernik, who will be called the defendant, is an attorney at law who makes a specialty of collecting overdue commercial accounts. Jordan Marsh Company, which will be called the plaintiff, operates a department store. In 1922 an oral agreement was made between the parties, by which the defendant was to be given all the collection cases of the plaintiff, was to advance

all necessary "court costs" but was ultimately to be repaid them, and was to retain money collected in each case until the entire account should be collected or the balance should appear to be uncollectible, when he was to deduct the "court costs actually paid by him" and his commission, and remit the remainder to the plaintiff. His commission was to be fifteen per cent of the first $300 collected on each account, eight per cent of any amount between $300 and $1,000, and four per cent of any amount in excess of $1,000. No time was agreed for the duration of the agreement. About July, 1930, the plaintiff required the defendant to remit the entire amount collected on particular claims, and then sent him his costs and commission. In April, 1931, the plaintiff required the defendant to remit his collections monthly, without waiting for particular cases to be finished. On September 17, 1931, the plaintiff required the return of unfinished cases, demanded payment of the balance of money collected, and terminated the relation between the parties.

Contending that a large balance was due him, the defendant brought an action of contract against the plaintiff on May 19, 1932. The declaration was upon an account annexed, with one thousand forty-seven items, amounting to $74,440.16, for professional services and disbursements in a multitude of collection cases. It gave credit for $37,934.45 of the plaintiff's money collected and not remitted, leaving a balance claimed from the plaintiff of $36,505.71. Besides an answer, the plaintiff filed a declaration in set-off, alleging that the defendant owes it money collected as an attorney and five times the lawful interest thereon, under G. L. (Ter. Ed.) c. 221, § 51. On May 21, 1932, the plaintiff brought a bill in equity against the defendant for an accounting. The defendant demurred to the bill, and appealed from the overruling of his demurrer, but does not argue his demurrer in this court. The decree overruling the demurrer is affirmed. Of course a bill for an accounting opens for determination the balance after considering both sides of the account. *Goldthwait* v. *Day*, 149 Mass. 185. *Graustein* v. *Dolan*, 282 Mass. 579, 582.

There was no need of counterclaim, although the defendant inserted one in his answer.

On July 21, 1932, the same person was appointed auditor in the action at law and master in the suit in equity, under the forms of reference set forth in Rule 86 of the Superior Court (1932), with a stipulation that as auditor his findings of fact were to be final. The cases were heard together, and identical reports were made in them. The ultimate finding was that the defendant owed the plaintiff a balance of $14,363.89 as of September 10, 1931, exclusive of interest. The defendant filed the same objections, sixteen in number, to the report in each case. He moved to recommit the report in each case, and filed affidavits in support of his motions. The motions to recommit did not follow the objections, even in the action at law, but asked recommittal with instructions to make further findings. The plaintiff filed objections to the report in each case, but made no motion to recommit the report in the action at law for the correction of the errors alleged in the objections. See Rules 89 and 90 of the Superior Court (1932). *Howland* v. *Stowe, ante,* 142.

The judge denied the defendant's motions to recommit the report. He disallowed some items which in the report had been allowed to the defendant, and found upon the report that the defendant owed the plaintiff a balance of $21,984.10, with interest from September 17, 1931, the date when the plaintiff demanded payment. The judge did not specifically order judgment in the action at law upon this "finding," but it may be inferred that judgment was to follow. Each party claimed an "appeal" in the action at law, not only from the "order for judgment" (G. L. [Ter. Ed.] c. 231, § 96; *Royal Paper Box Co.* v. *Munro & Church Co.* 284 Mass. 446, 448, 449), but also from specific rulings made and from the denial of other rulings requested. The defendant also claimed a number of exceptions in the action at law, and had his bill of exceptions allowed.

In the suit in equity, the judge ordered a final decree in favor of the plaintiff for the same amount "provided the

petitioner [plaintiff] elects to proceed in this suit rather than in the action at law tried herewith." As the order implied, the plaintiff was not entitled to both a judgment at law and a decree in equity against the same person for the payment on the same grounds of the same damages. It was properly required to elect. *Poorvu* v. *Weisberg,* 286 Mass. 526, 537. *Sandford* v. *Wright,* 164 Mass. 85. *Corey* v. *Tuttle,* 249 Mass. 135. Since, on May 29, 1934, a final decree was entered in the suit in equity, requiring the defendant to pay that amount to the plaintiff, it must be assumed that the plaintiff elected to prosecute the suit in equity. Questions arising in the action at law therefore become immaterial. Both parties appealed in the suit in equity from the interlocutory decree overruling their several objections to the master's report and confirming the report with some alterations, and also from the final decree.

The defendant filed a motion to recommit the master's report, and supported it by affidavits. By the confirmation of the report, this motion was impliedly denied. The defendant appealed. The motion and the affidavits are too long to be recited. It is sufficient to say that no error appears. In general, the grounds of the motion made its allowance discretionary. *Pearson* v. *Mulloney,* 289 Mass. 508, 513.

The defendant's objections, brought in under Rule 90 of the Superior Court (1932), which became exceptions by implication of law, need not be discussed in detail. Some of them attack the alleged granting of certain numbered requests by the plaintiff for findings of fact, and cannot be understood because such requests do not appear in the record. Others violate the elementary rule that exceptions to a master's report cannot avail unless the error is made to appear upon the face of the report itself, instead of resting upon the assertion of counsel. *Baush Machine Tool Co.* v. *Hill,* 231 Mass. 30, 41. *Mouradian* v. *Giblin,* 254 Mass. 478. *Carleton & Hovey Co.* v. *Burns,* 285 Mass. 479, 483. *Pearson* v. *Mulloney,* 289 Mass. 508, 512. None of them is well taken.

Neither are the plaintiff's exceptions to the master's report in much better plight. The main difficulty with

them is in applying them to the report, for the printed record fails to preserve the paging of the typewritten report to which the objections refer. A division of the report into numbered paragraphs would have prevented this difficulty. Many of the plaintiff's exceptions fall for the reasons already stated with respect to the defendant's exceptions. There was no error in permitting the defendant to refresh his memory from certain papers. The exceptions of the plaintiff were properly overruled, except so far as they have resulted in changes in the master's findings made or confirmed in this opinion.

Without any objections or exceptions to the master's report, the question what decree ought to be entered upon the facts found by the master is open on appeal from the final decree, and this court may draw, from subsidiary facts stated, inferences of fact which may differ from those drawn by the master and the judge. *Robinson* v. *Pero*, 272 Mass. 482, 484. *Hannah* v. *Frawley*, 285 Mass. 28, 31.

The judge was right, in our opinion, in refusing to allow the defendant for travelling expenses and for the expense of obtaining descriptions from the registry of deeds of real estate owned by the plaintiff's debtors. The oral agreement entitled the defendant to no compensation for expenses except "court costs actually paid by him." All other expenses were covered by his agreed commission. We think that the same principle should have led to the disallowance of the further item of $452.45 for advances to out of town attorneys in cases which the defendant could not well handle personally.

The master's report shows good faith on the part of the defendant, and an honest controversy between the parties. The judge was right in finding that the defendant had not forfeited his right to compensation for his services, nor subjected himself to the penalty provided by G. L. (Ter. Ed.) c. 221, § 51. Whether the judge had power to award against the defendant the entire cost of the proceedings for an accounting, or not, we think that such an award is not required under the circumstances. See *Millett* v. *Temple*, 280 Mass. 543, 552; *S. C.* 285 Mass. 87. The interlocutory

decree denying such an award against the defendant is modified by omitting the statement of the reasons, and as modified is affirmed.

Much controversy arose over the allowance made by the master and the judge for the services of the defendant in unfinished cases returned to the plaintiff on demand. The amount of the claims returned was $169,201.17. The fair value of the services which the defendant had performed on these cases, prior to their return, was found to be $12,000. But the master found that if the defendant had continued with these claims under the contract, he would have collected only forty-five per cent of them, or $76,140.53, and would have received only fifteen per cent of that sum, or $11,421.08. The judge did not use this computation, but allowed nothing for expected earnings on collections not actually made or for work done without achieving results, and allowed the defendant only fifteen per cent of amounts actually collected on the unfinished cases returned to the plaintiff on demand. The judge computed the amount actually collected as $38,916.14, fifteen per cent of which would be $5,837.42, whereas the correct amount appears to be $56,803.16, fifteen per cent of which is $8,520.47. He was right, however, in the principle that the defendant could be allowed only his commission on the amount collected, in addition to court costs actually paid. There was no breach of contract on the part of the plaintiff in requiring a return of the claims. That possibility was contemplated when no time limit was placed on the agreement. The case differs from those in which the employment related to a particular case, and the compensation was not merely by way of commission. *Philbrook* v. *Moxey*, 191 Mass. 33. *Warren* v. *Boston National Bank*, 252 Mass. 523, 532.

The record of these cases has been needlessly complicated by the prosecution under different forms of procedure of two cases involving the same questions, and by the attempt to raise the same questions of law in several different ways. We have dealt with all the material points that have been argued. The requests for rulings presented to the judge

require no discussion, for even if they have any standing, except as arguments, in an equity case presented on a master's report (see *Graustein* v. *Dolan*, 282 Mass. 579, 583, 584; *Albert Richards Co. Inc.* v. *Mayfair, Inc.* 287 Mass. 280, 284; *Howland* v. *Stowe, ante,* 142; *Tevis* v. *Tevis,* 259 Mo. 19, 32), there is nothing in them that could affect the result which would be reached without them.

The result is, that the plaintiff is entitled to be paid by the defendant the amount of $14,363.89 found by the master, plus the amounts of $1,027.57 and $280 which were disallowed as credits to the defendant by the judge, plus the amount of $452.45 so disallowed in this opinion, plus the difference, amounting to $3,479.53, between $12,000 allowed the defendant for services by the master and $8,520.47 allowed the defendant for services in this opinion. The total amount which the plaintiff is entitled to be paid by the defendant, exclusive of interest, is thus $19,603.44. To this should be added interest thereon at the rate of six per cent per annum, from September 17, 1931. The interlocutory decree confirming the master's report is modified accordingly, and as modified is affirmed.

The final decree is to be modified (1) by dismissing the defendant's counterclaim, (2) by inserting a declaration that the plaintiff has elected to rely exclusively upon this suit in equity, and not to prosecute further its declaration in set-off in the action at law, (3) by inserting a perpetual injunction against the further prosecution of the action at law by the defendant, and (4) by changing the amount which the defendant is ordered to pay to the plaintiff to $19,603.44, plus interest from September 17, 1931, and costs. As so modified, the final decree is affirmed with costs.

*Ordered accordingly.*

In the action at law, the exceptions and appeals of both parties are dismissed.

*So ordered.*