Pettingell, P. J.
Action of contract in which the plaintiff seeks to recover on a quantum meruit for legal services rendered the defendant. The answer is a general denial and payment.
The undisputed facts are that the plaintiff, an attorney at law, went to the defendant’s residence at the request of a relative of the defendant, finding the defendant confined to his bed. The relative introduced the plaintiff to the defendant as an attorney who could handle the defendant’s claim for a pension from the City of Boston by which he was employed.
*70 There was testimony that the defendant told the plaintiff that if he got the pension for the defendant he would he “well paid”. There was testimony, also, that the defendant requested the plaintiff’s aid, and that the plaintiff performed services for the defendant in securing him a doctor who visited the defendant seven times, and in interviewing witnesses and examining records, preparatory to proceedings to secure the pension.
The matter of employment came to an end when the plaintiff asked the defendant for money for a retainer and for the expense of experts. The plaintiff testified that the defendant first said that he would get the money, and then said that he had received a call for money from relatives in Ireland and would not spend money to proceed with the case.
The plaintiff filed eleven requests for rulings of which one was allowed and ten were denied, two without explanation, seven “on facts found”, and one as “not material on facts found”.
The trial judge made the following finding of facts.
“On all the evidence, I am unable to find a contract between the parties to support the plaintiff’s, claim.
“If the theory of contingent employment be adopted,, I find that the plaintiff subsequently interjected conditions calling for the advancement of money to pay for medical services and a retainer for himself which the defendant never agreed to specifically or impliedly-In fact, the evidence was clear that he rejected these proposals.”
It is difficult to understand just what the trial judge-meant by the first part of this statement. There was clearly a request by the defendant for legal work by the *71 plaintiff, and ample evidence of legal work done by the plaintiff in accordance with the defendant’s request. If, during the performance of services for the defendant, the plaintiff asked for money for a retainer and for experts, and the defendant discharged the plaintiff from further employment, action within the defendant’s right, that discharge would not prevent the plaintiff from recovering for the work done before the discharge. Philbrook v. Moxey, 191 Mass. 33, at 36. On the other hand, failure of the client on request to supply “reasonable funds” for the prosecution of the case would justify the attorney in withdrawing from the case and would make possible his recovery on a quantum meruit for the work done before the withdrawal. Eliot v. Lawton, 7 Allen 274, at 276, 277.
As we view the case there would seem to be sufficient grounds for a recovery by the plaintiff on a quantum meruit for the work done by the plaintiff before the defendant ended his services. Such a conclusion is inconsistent with the first paragraph of the trial judge’s finding that he could not “find a contract between the parties to support the plaintiff’s claim.”
The case has been argued on the theory that the trial judge found that the contract was void because champertous. This, also, is inconsistent with the trial judge’s finding, just referred to and is not within its meaning unless that finding is read to mean that he could not find a legal or valid contract upon.which to support the plaintiff’s claim, the implication being that the contract he did find was champertous and illegal. This it seems to us, is a straining of words, and a reading into the finding of a meaning that, at the most, is only a faint possibility.
Our conclusion that there was evidence to sustain a recovery on a quantum meruit is inconsistent, also, with *72 the second paragraph of the finding. The trial judge says there “If the theory of contingent employment be adopted I find that the plaintiff subsequently interjected conditions” which he considered unjustifiable. This sentence as much as says that the theory of “contingent employment” was not adopted by him in his decision that there was not proof of a contract between the parties; therefore it would appear that his failure to find a contract rests upon some other reasoning. In view of the corroboration of the testimony of the plaintiff on material matters by the defendant and his witness, the trial judge’s action does not seem to rest upon disbelief of the plaintiff’s testimony.
In any event, the comment of the trial judge upon “contingent employment” and the effect upon a possible contract by the plaintiff’s request for money, discloses that there was in the trial judge’s mind an idea that there was some kind of an understanding between the parties which was nullified or rendered invalid by the plaintiff’s demand. It discloses also a theory as to the legal rights of the parties, when a contract of employment is broken by one or the other, which is at variance with the two cases already cited. Rejection by the _ defendant of the plaintiff’s “proposals” for money could not destroy the rights of the plaintiff which had vested as a result of past performance.
It may be that he considered that a contract of “contingent employment” is such a champertous thing in itself that no recovery whatever is possible, either on the contract itself, or for work done under it. Such may have been Ms opinion, for he failed to make any distinction between contracts of “contingent employment” which are champertous and those which are not.
*73 “As between an attorney at law and Ms client it is of the essence of champerty that the attorney, having no previous interest to justify him, upon recovery is to have as his own some part of'the thing recovered, or some profit out of it. Thurston v. Percival, 1 Pick. 415. Lathrop v. Amherst National Bank, 9 Met. 489; Lancy v. Havender, 146 Mass. 615.” Hadlock v. Brooks, 178 Mass. 425, at 432. Holdsworth v. Healey, 249 Mass. 436, at 438, 439. Sherwin-Williams Co. v. J. Mannos & Sons, Inc., 287 Mass. 304, at 313, 314. Baskin v. Pass, 302 Mass. 338, at 341.
The materiality of the element in a contract, that the only compensation to be received by the attorney is a share of the recovery, has been emphasized in several decisions.
“But an agreement that one not previously interested and who agrees to prosecute a suit, upon recovery shall have a share of the thing recovered is not for that reason alone champertous. The bargain to be illegal must have the further element that the attorney’s services shall not institute a debt due him from the client, and that Ms prospective share is to be the only compensation which the attorney shall receive. If in effect he ‘agreed to look for his compensation to that alone which might be recovered, and thus to make his pay depend upon his success’ the bargain is champertous and void. Ackert v. Barker, 131 Mass. 436, 438, ‘where the right to compensation is not confined to an interest in the thing recovered but gives a right of action against the party,’ the agreement is not champertous.” Baskin v. Pass, 302 Mass. 338, at 341. Hadlock v. Brooks, 178 Mass. 425, at 432. Weinberg v. Magid, 285 Mass. 237, at 239. Sherwim-Williams Co. v. J. Mannos & Sons, Inc., 287 Mass. 304, at 314.
There are still other conditions which make such “contingent employment” contracts non-champertous. In Sherwin-Williams *74 Co. v. J. Mannos & Sons, Inc., 287 Mass. 304, the court in speaking of such contracts, said at page 314:
“The facts distinguish this case from cases where the attorney agrees to give his services should the suit not be successful but if the suit is successful the services are to constitute a debt from the client, Hadlock v. Brooks, 178 Mass. 425. Walsh v. White, 275 Mass. 247; from cases where the attorney is to be paid in any event, the amount of the fee being dependent upon the amount recovered. Blaisdell v. Ahern, 144 Mass. 394; Taylor v. Rosenberg, 219 Mass. 113; and from cases where there is no agreement that the attorney is not to be paid if unsuccessful, Bennett v. Tighe, 224 Mass. 159; Smith v. Weeks, 252 Mass. 244.”
In the instant case the trial judge could have found any one of the elements necessary to make the contract champertous. 'On the other hand he could have found that the facts before him placed the case within one of the exceptions just cited. He did nothing which explains what was in his mind, and there is no way of knowing what principles of law guided him. “On vital points, where the propriety of the conclusion may be doubtful, some refinement in analysis is just and reasonable”. MacLeod v. Davis, 290 Mass. 335, at 338.
The requests before him were all general, the third, fifth, and seventh, touching the vital issues, being based “on all the evidence”, or “on all the law and the evidence.” Such requests cannot be granted if the finding requested, specific or general, cannot be made properly because the evidence was sufficient in any legal form of declaring to find otherwise. Rubin v. Hugh, 229 Mass. 126; at 129. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 325, 326, 327. Pacheco v. Medeiros, 292 Mass. 416, at 419-422.
*75 The denial of the plaintiff’s requests without explanation would have raised the issue whether the evidence warranted a general finding for the defendant, or findings of fact contrary to those sought by the plaintiff. The issue would then have been whether there was evidence warranting a finding that the contract between the parties was champertous.
In our opinion such a finding was not warranted. The only thing in the dealings between the parties, which approaches champerty, is the testimony of the defendant, and his witness, that the plaintiff was to be “well paid” if he procured a pension. It is to be noted that the defendant’s witness testified that there was no talk about money at the original conference when the plaintiff called to see the defendant and was asked to aid him. The talk about being “well paid” came later according to this witness. The defendant puts it in the first talk.
From these words, the trial judge, to find the contract champ ertous, had to infer that the words meant that no payment was to be received by the plaintiff, if he was not successful, or that no debt was to be created against the defendant personally in any event. A possible interpretation, that the defendant was to be dealt with generously if he was successful, had to be negatived. In our opinion, the words alone, without further attendant circumstances which would make champerty m,ore apparent, or would indicate some recognition or assent from the plaintiff, would not warrant the inferences necessary to make the contract champertous. Definite evidence of the plaintiff’s recognition or assent does not appear in the case.
All the foregoing is on the assumption that the trial judge decided the case on the grounds of champerty. An express *76 finding to that effect would have left only the issue whether the evidence warranted the necessary inferences which would justify such a decision. There was, however, no such finding. There was an indefinite finding, no specific facts being found, other than that the plaintiff had not borne the burden of proving “a contract between the parties to support the plaintiff’s claim.”
It is hard to believe that an able and experienced trial judge found that these words, and the acts and dealings of the parties with each other in consequence of them, did not amount, as a natural result, to an implied contract. The words used imply that he found something else, not stated, which affected the case, something in the nature of a bar which prevented or negatived the existence of the successful proof of a contract. There was in evidence a request for services, evidence from the defendant of services rendered, all the elements for recovery on a quantum meruit.
In addition to the uncertainty of the first paragraph, the trial judge then raised the question of “contingent employment” which he treated as a different matter, not already considered and a factor in his decision expressed in the first paragraph, but something else, not available for the plaintiff to rely upon because he asked for a retainer and for money for experts. There is nothing unreasonable about a request for a retainer. Blair v. Columbian Fireproofing Co., 191 Mass. 333, at 337. As to the effect of such a demand upon the relation of the parties, and their respective rights, see Eliot v. Lawton, 7 Allen 274, at 276, and Philbrook v. Moxey, 191 Mass. 33, at 36, already cited. To support a recovery on a qucmtu/m meruit, there had to be only the performance of services with an expectation of pay and the understanding of the defendant as a reasonable man that the services were to. be paid for. *77 An actual promise by the defendant to pay was not necessary. The material thing was what he knew or should have known, as a reasonable man, that payment for such services was a necessary consequence of accepting them. Day v. Caton, 119 Mass. 513, at 514. McGarrahan v. N. Y., N. H. & H. R. R., 171 Mass. 211, at 220. Spencer v. Spencer, 181 Mass. 471, at 473. Dickey v. Trustees of Putnam Free School, 197 Mass. 468, at 473. True v. Lebowich, 243 Mass. 369, at 371. Evers v. Gilfoil, 247 Mass. 219, at 224. French v. Bray, 263 Mass. 121, at 123. Tower v. Jenny, 279 Mass. 208, at 211, 212. Therrien v. LeBlanc, 282 Mass. 328, at 330, 331. As has been pointed out, the plaintiff’s demand for money did not necessarily destroy his rights as to services performed before the demand.
Because we cannot understand what caused the trial judge so to decide about this matter of an implied contract and a recovery on a quantum meruit, a matter which was specifically called to his attention by the plaintiff’s seventh request, and do not understand what he meant by the findings of fact made by him, which he cited as the ground for the denial of seven of the plaintiff’s requests; and because we have great uncertainty as to what principles of law he applied, we feel that the plaintiff’s requests have not been properly and adequately dealt with; we are of opinion therefore, that the finding for the defendant should be vacated, and that there should be a new trial.
The plaintiff was “entitled to the rulings requested in a possible view of the evidence, and, though the finding may have been right, we are unable, on the report, so to determine.” Kaufman v. Sydeman, 251 Mass. 210, at 217. Clarke v. Massachusetts Title Ins. Co., 214 Mass. 31, at 32, 33. De Young v. Frank A. Andrews Co., 214 Mass. 47, at 50. Markiewicz v. Toton, 292 Mass. 434, at 437. “This *78 cannot be said to have been harmless error, because we cannot know what decision might have been reached by the trial judge if he had correctly instructed himself as to the governing principles of law.” Russell v. Foley, 278 Mass. 145, at 148, 149. The issue is treated, also in Wilson v. Birkenbush, 305 Mass. 173, at 177, in which there is a decision that the trial judge’s finding was not marred by uncertainty. We think that the instant ease goes with the other cases just cited.
The finding for the defendant is to be vacated and the case is to stand for a new trial.