TOCCI BROTHERS CONSTRUCTION CO., INC. *vs.* FRANK TOCCI.[1]

Middlesex.   December 2, 1963. — January 9, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Equity Pleading and Practice,* Master: exceptions to report; Separate proceedings.   *Equity Jurisdiction,* Accounting.

Where it appeared that a corporation brought a suit in equity for an accounting against one of its officers and the suit was referred to a master to be heard with an action at law by the officer against the corporation, that the master's report set forth a conclusion, supported by subsidiary findings, that the officer owed the corporation a certain amount and a conclusion, unsupported by specific subsidiary findings, that a larger amount was due to the officer from the corporation, that in the law action a separate auditor's report was filed containing subsidiary findings as to the officer's claim, and that in the equity suit, after a hearing at which the corporation did not appear, an interlocutory decree confirming the master's report overruled exceptions of the corporation thereto attacking the conclusion as to the amount due to the officer and a set-off thereof by the master against the amount due to the corporation, leaving a balance due to the officer, and a final decree adjudged that the corporation owed the balance to the officer, the record in the equity suit showed no error of law in the allowance of the officer's set-off and on appeal from the final decree that decree was affirmed.

BILL IN EQUITY filed in the Superior Court on June 28, 1961.

The suit was heard by *Taveira,* J., on a master's report.

The case was submitted on briefs.

*Samuel H. Cohen* for the plaintiff.

*Robert A. Curley* for the defendant.

WHITTEMORE, J.   This is an appeal by the corporate plaintiff from a final decree, which, after confirmation of a master's report, adjudged that the corporation is indebted to the defendant (hereinafter, Frank) for $4,453.85 and ordered payment.

The corporation sued Frank, an officer and stockholder in the family corporation, for an accounting.   Frank's answer included the averment that the corporation "is indebted to him for money owed in excess of any credits due the corpo-

---

[1] The bill was dismissed as to the coplaintiff Loretto Tocci.

ration for materials and labor charged by the defendant to the plaintiff corporation and for which there is presently pending a suit by the defendant against the said plaintiff corporation.''

The order of reference provided, inter alia, that the master ''find the subsidiary facts on each issue tried and report them and his general findings . . . . To be heard together with Middlesex Superior Court Docket No. 238396, Frank R. Tocci *vs.* Tocci Brothers Const. Co. Inc. & Trustees.''

The master found subsidiary facts supporting the conclusion that Frank owed the corporation $6,476.65. The master made no specific subsidiary finding in respect of Frank's claim against the corporation. He alluded to the basis of that claim in describing the arrangement among the family stockholders: ''each stockholder drawing the same salary, and Frank, in addition, being credited with a percentage of the sums received by the corporation for jobs he had estimated, prepared the bids, and secured the contracts.'' The only conclusionary finding which refers to an amount owed by the corporation to Frank is in the words we emphasize in the following: ''I find the following amounts paid for by the corporation should be deducted from *the $10,538.80 due Frank from the corporation for commissions,* leaving a balance due Frank of $4,062.15.''

It is inferable from the master's report that subsidiary findings in respect of Frank's claim against the corporation are set out in an auditor's report in the law action. The master's report states that ''upon . . . [the law action] a separate report is filed herewith.''

The inference is confirmed by the auditor's report, all or parts of which are set out in appendices to the briefs. The auditor's report, as we are thus informed, noted a count for work and labor, as to which the auditor made no finding, and a count under an express contract for an agreed percentage on certain jobs. The auditor's report makes subsidiary findings as to Frank's claim against the corporation under that contract.

The corporation's objections to the master's report, which became exceptions, specified that the findings as to a

claim for commissions due Frank and its set-off against the corporation's claim were improper because Frank's claim was the subject of separate proceedings.

The interlocutory decree which confirmed the master's report and overruled the plaintiff's exceptions recites that the plaintiff did not appear at the hearing.

Perhaps the orders of reference contemplated that the law action would be the proceeding to determine the corporation's debt and that the set-off, though proper in the equity case, should await the determination at law. Perhaps a formal election would have been required at some stage. See *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151, 154–155. Had the corporation pressed its exceptions to the report these matters would undoubtedly have been resolved.

The judge, however, was under no duty to search for matters, partly within and partly without the record of the case before him, which might suggest or guide his discretionary action on exceptions which were not supported by the appearance of counsel. In the circumstances the issue is whether anything in the record in the equity suit shows error of law in allowing the set-off. Nothing does. In a bill for an accounting "both parties are actors and the defendant may have a decree in his favor without the aid of a cross bill [counterclaim]." *Wilde* v. *Sawtelle*, 232 Mass. 117, 123. *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151, 153–154. Nothing in the order of reference barred determination of all aspects of the accounting in the equity suit. True, the master did not set out any subsidiary facts underlying Frank's claim. We assume that that, if urged, would have been ground for recommittal apart from the circumstance of the companion case. Also, with other circumstances, it would have tended to support the plaintiff's exceptions to the report. But there was in the report the essential conclusionary finding that the corporation was indebted to Frank and it was not error in law to confirm the report inclusive of that finding and to enter a final decree thereon.

*Final decree affirmed with costs of appeal.*