Lauriat, J.
Attorney Kevin P. Curry (“Curry”), who was trial counsel for plaintiff Elaine M. Callahan (“Elaine”) in these consolidated actions, has moved, post-trial, to intervene in these actions and to substitute himself as the plaintiff, on the ground that Elaine assigned her interest in this litigation to him by an agreement dated July 28, 1992.
After hearing, and upon consideration of the mem-oranda, affidavits and other pleadings and documents submitted by the parties, Curry’s motion must be denied because the agreement he executed with Elaine on July 28, 1992 is champertous and therefore invalid.
BACKGROUND
In December 1990, after a trial in these actions, a jury returned a verdict in favor of Elaine in the net amount of $530,000, which it determined to be the fair value of all the services that she had rendered to her parents, Michael and Frances Callahan, since February, 1983. At the same time, the jury returned a verdict against Elaine on her separate claim that she and her parents were partners under the terms of an oral agreement made in 1971. Both parties have since appealed those verdicts, and Elaine has filed numerous post-trial motions, pro se, both in this court and in the Boston Housing Court, where her father has filed an action seeking to evict Elaine from an apartment in a building that he owns in Boston.
On May 21, 1993, Curry filed an “Emergency Motion to Intervene and For the Substitution of Parties” in these actions. He asserted that by reason of a written agreement signed by Elaine and himself, dated July 28, 1992 (the “assignment”), a copy of which is attached to this decision, Elaine assigned her causes of action to Curry, and that she was, notwithstanding that assignment, continuing to litigate these actions herself and on her own behalf. Curry sought, “pursuant to M.R.C.P. 25(2)(c) [sic],” to be substituted as the plaintiff, and, “pursuant to M.R.C.P. 24(a)(2),” to intervene in these actions. Elaine objected to Curry’s motion at a hearing held by the court on May 21, 1993, and again at a hearing held by the court on June 10, 1993.
At the request of the court made at the hearing on June 10, 1993, Curry submitted a memorandum of law and an affidavit addressed to the issue of whether his written agreement with Elaine was champertous. In his affidavit, dated June 16,1993, Curry stated that “On July 28, 1992, Ms. Callahan executed an assignment of the case to me. I claim no ownership interest or fee arrangement in the case other than my fee agreement.” Curry also stated in his affidavit that Elaine has acknowledged that she had signed the assignment.[1] Elaine has disputed these assertions.
*29 DISCUSSION
“Champerty is . . . ‘the unlawful maintenance of a suit in consideration of some bargain to have part of the thing in dispute or some profit out of it,’ “whereupon the champertor is to cany on the parly’s suit at his own expense.” Sherwin-Williams Co. v. J. Mannos & Sons, Inc., 287 Mass. 304, 313 (1934), quoting Scott v. Harmon, 109 Mass. 237, 238 (1871). It is unlawful for an attorney to prosecute his own case, having purchased that case in order to pursue it at his own risk and expense. Sherwin-Williams, supra at 313, 314. In order to avoid champerty, a fee agreement between a lawyer and his client must at least reserve as a debt of the client the expenses and costs of bringing the suit, regardless of the outcome of the litigation. Sullivan v. Goulette, 344 Mass. 307, 310-11 (1962). Otherwise, the fee agreement is champertous and void. Id.
The doctrine of champerty has been narrowed in recent years by the development of comprehensive court rules governing the creation and implementation of contingent fee agreements as an approved method of compensating attorneys in certain kinds of litigation. See McInerney v. Massasoit Greyhound Association, Inc., 359 Mass. 339, 349-50 (1971). Rule 3:05 of the Supreme Judicial Court Rules[2] governs contingent fee agreements. That Rule provides that “no written contingent fee agreement shall be regarded as champertous if made in an effort in good faith reasonably to comply with this rule.” Rule 3:05(2) of the Supreme Judicial Court Rules. Rule 3:05 also establishes the terms and conditions that a contingent fee agreement must meet to be valid, including “a stipulation that the client, in any event, is to be liable for expenses and disbursements.” Rule 3:05{5)(f). Moreover, the reasonableness of a contingent fee is subject to review by the court, Rule 3:05(6) and McInerney, supra at 351, and, to be valid, a contingent fee must not be “plainly unreasonable.” Gagnon v. Shoblom, 409 Mass. 63, 67 (1991).
Rule 3:07, D.R. 5-103, of the Rules of the Supreme Judicial Court, prohibits a lawyer from acquiring “a proprietary interest in the cause of action or subject matter of litigation he is conducting for a client,” subject only to exceptions for a lien “granted by law” or a contract “with a client for a reasonable contingent fee in a civil case.” The essential purpose of this disciplinary rule is “to prevent the attorney from acquiring a financial interest in the litigation which might interfere with his/her exercise of independent professional judgment, especially when it comes to deciding whether to settle the case.” In Re MidAtlantic Toyota Antitrust Litigation, 93 F.R.D. 485, 490 (1982).
The assignment executed by Elaine and Curry on July 28, 1992, which forms the basis for Curry’s present motion, provides in pertinent part that:
Elaine 1) irrevocably transfers adn [sic] assigns the cause of action and the case of Elaine M. Callahan v. Michael J. Callahan et al No. 89-1074D & 89-2787B to Curry and 2) irrevocably authorizes Curry to settle same on terms that are acceptable to Curry and 3) further holds harmless and indemnifies Curry from any actions taken therein by him.
By its terms, this assignment is unlimited in scope and duration, allows Curry to take sole control of, and solely determine the future course and resolution of the litigation, and requires Elaine to assume ultimate responsibility for any actions that Curry may take in furtherance or in settlement of her claims. The assignment bars Elaine from any further interest or involvement in her own causes of action. The assignment also fails to provide for payment to Elaine of any portion of any sums that Curry may eventually recover upon the conclusion or settlement of the litigation. Indeed, for all that appears in the assignment, Curry is entitled to retain the entire proceeds of any settlement or payment made pursuant to the jury’s verdict. Curry’s only stated obligation to Elaine under the assignment is to “attempt to settle the cases & further assist Elaine.” Finally, the assignment does not make Elaine liable for any costs or expenses that Curry may incur in the course of his pursuit of this litigation.[3]
Thus, the assignment clearly fails to meet the requirements of a valid contingent fee agreement. Because the terms of the assignment unequivocally transfer Elaine’s causes of action to Curry, and because the assignment does not even purport to be a good faith effort to contract for a contingent fee, the assignment violates Massachusetts common law as well as Rules 3:05 and 3:07, D.R. 5-103 of the Supreme Judicial Court Rules.
Curry contends that the value of the assignment is commensurate with and limited to his alleged contingent fee agreement with Elaine, and that the transfer of her civil actions to him merely reflects what he and Elaine had previously agreed to be his fee in those actions. However, the assignment does not address or incorporate any contingent fee agreement, and the assignment appears, chronologically, to supersede any such agreement. Moreover, the court is unable to reconcile the terms of the assignment and the alleged contingent fee agreement because Curry has offered only the former to the court in support of his motion.[4] On its face, the assignment is much broader in scope than a contingent fee agreement, amounting to the purchase of a case rather than just the reservation of a fee from the proceeds of litigation.
Accordingly, the court concludes that the proposed intervention and substitution of Curry for Elaine in the present action would be improper, because it would require the court to approve and endorse clearly cham-pertous conduct.
*30 ORDER
For the foregoing reasons, it is hereby ORDERED that the Emergency Motion of Kevin P. Curry to Intervene and For The Substitution of Parties is DENIED.

 Curry has also alleged that Elaine asked him to represent her at a post-trial hearing in this action held later on June 10, 1993, before the trial judge (Dortch, J.), notwithstanding the fact that Elaine discharged Curry as her attorney at some point after the jury returned its verdicts in this action in December 1990.

 Originally adopted by the Supreme Judicial Court as Rule 14 of the General Rules on November 2, 1964, effective January 1, 1965, 348 Mass. 806 (1964).

 Prior to the execution of this assignment, Curry alleges that he signed a separate contingent fee agreement with Elaine, although that fee agreement is nowhere referenced or reflected in the assignment, and has not been submitted to the court by either party.

 Although the nature and terms of Curry’s contingent fee have not been disclosed, on May 11, 1993, Curxy filed with the court a Notice of Attorney’s Lien “in the amount of ⅛ of the proceeds” in this and a related action. He simultaneously filed a Motion To Enforce Attorney’s Lien to recover “½ of the proceeds” of the judgment in this action.