Donovan, J.
Lisa Saladini (Plaintiff) filed suit against George P. Righellis (Defendant) on December 2, 1994 seeking payment of money arising out of a contract between the parties.[1] Mr. Righellis moved for summary judgment under Mass.R.Civ.P. 56, and a hearing for oral argument was set before Justice Grasso on June 26, 1996. Prior to hearing oral argument, however, Justice Grasso suggested to the parties that the underlying agreement involved may be champertous and void as against public policy. Both parties were permitted to submit briefs on the issue of champerty, and a hearing was held on August 26, 1996. For the following reasons, the court’s motion on the issue of champerty is resolved in favor of the defendant George Righellis, and the agreement between the parties is deemed unenforceable as against public policy.
I
In September of 1992, Ms. Saladini and Mr. Righellis entered into a written contract whereby Ms. Saladini agreed to advance Mr. Righellis all funds necessary for Mr. Righellis to bring a lawsuit against parties not present in this action, in exchange for a portion of any proceeds recovered. In total, Ms. Saladini advanced $19,229.00 to Mr. Righellis which was used to finance a real estate action on his behalf.
Eventually, Mr. Righellis settled his lawsuit for $130,000.00. Ms. Saladini filed suit against Mr. Righellis alleging that he did not comply with the terms of their agreement, namely that he would reimburse her for the litigation expenses she advanced as well as pay her 50% of his recovery, after legal fees and other expenses. Mr. Righellis filed a motion for summary judgment. At the hearing on the summary judgment motion, the court, sua sponte, raised the issue of champerty and suggested that disposition of that issue may dispose of the entire case. The court cited McInerney v. Massasoit Greyhound Association, Inc., 359 Mass. 339 (1971), and allowed both parties to submit briefs for the court’s review.
II
Champerty[2] is defined as the financial maintenance of a legal action, whether pending or merely contemplated, in consideration of some or all of any recovery, by a person with no other interest or stake in the legal action. Sherwin-Williams Co. v. J. Mannos & Sons, 287 Mass. 304, 312, 315 (1934); Weinberg v. Magid, 285 Mass. 237, 239 (1934); Pupecki v. James Madison Corp., 376 Mass. 212, 219 (1978). Although many of the cases dealing with champerty have involved attorneys, laypersons as well as attorneys are subject to the restrictions of champerty. Graustein v. Boston & Maine R.R., 304 Mass. 23, 27 (1939); Allen v. Batchelder, 17 Mass.App.Ct. 453, 459 (1984). Cf. Joffe v. Wilson, 381 Mass. 47, 52 (1980).
Even absent a motion by a party to the agreement, the court may consider the issue of champerty. Sherwin-Williams, 287 Mass. at 312; Baskin v. Pass, 302 Mass. 338, 342 (1939); Robertson v. Town of Plymouth, 18 Mass.App.Ct. 592, 597 (1984). In assessing whether an agreement is champertous, the court must analyze the agreement itself. Sherwin-Williams, 287 Mass. at 312-13. The court will pay particular attention to the existence of champertous elements: contemplation of legal proceedings; absence of any prior interest in the litigation on the part of the champertor; provision for sharing in the proceeds of litigation; and a provision that a share in the proceeds of the litigation is the sole compensation for the champertor. Weinberg, 285 Mass. at 239.
Ms. Saladini and Mr. Righellis embodied their agreement in a written instrument, which they signed on September 23, 1992. That agreement contains all of the necessary elements of champerty. The agreement specifically directed that Ms. Saladini was to advance the sum of $12,000.00 “in order that [Mr. Righellis] can pay said sum as a retainer to his attorney . . . [and] enter into a legal representation agreement” with that attorney regarding a potential legal claim he had. Ms. Saladini does not allege that she had any prior interest in the lawsuit which she financed on behalf of Mr. Righellis. In fact, her sole interest in the litigation was her financial maintenance of it and the potential recovery from it. The agreement provided that, if successful in his lawsuit, Mr. Righellis would immediately reimburse Ms. Saladini for all advances made by her to fund his lawsuit, and further to split evenly the remainder of the profits, if any, after payment of attorneys fees and other expenses. Finally, the agreement provided that in the event Mr. Righellis did not recover any profit, or recovered insufficient profit to fully reimburse Ms. Saladini’s advancements, he would not be required to repay *130 Ms. Saladini for any nonreimbursed advancements made by her.
The funding of the lawsuit by Ms. Saladini in consideration for fifty percent of the net proceeds is clearly champertous. Ms. Saladini relies on footnote 7 in Christian v. Mooney, Beinecke, 400 Mass. 753, 758 (1987), in support of her argument that champerty is on the decline in Massachusetts. However that case is distinguishable in that the person funding the litigation had in fact acquired an interest as a tenant in common in the real estate in question. Ms. Saladini acquired no interest in real estate but only an interest in the proceeds of the lawsuit.
Ill
At common law, a champertous agreement was illegal and void. 6A A. Corbin, Contracts §1422, at 360 (1962). Modern law, however, views such an agreement as obstructing the administration of justice and unenforceable as against public policy. O’Donnell v. Bane, 385 Mass. 114, 116 n.1 (1982). Notably, however, “[t]he difference is semantic, provided one recognizes that the basic issue is whether the agreement should be enforced.” Jd.[3]
Ms. Saladini cites a number of Massachusetts cases to support her contention that this court should apply the balancing test, set forth in the Second Restatement of Contracts, to an agreement determined to be against public policy. See Restatement (Second) of Contracts §178(l)-(3), at 6-7 (1981). This balancing approach, however, has never been used in evaluating champertous agreements, and the courts of Massachusetts have likewise never employed such a balancing test to determine the remedy from a champertous bargain.
In Massachusetts, the effect of a champertous agreement is to refuse to uphold it, “either at common law or in equity.” Ackert, 131 Mass. at 438. This philosophy stands true in modern champerty interpretation as well. This court sees no reason to depart in this case from over a hundred years’ worth of precedent.[4]
ORDER
It is ORDERED and ADJUDGED that the September 23, 1992 agreement between the plaintiff, Lisa Saladini, and the defendant, George P. Righellis, is unenforceable as against public policy. Judgment shall enter dismissing the action in accordance with this decision.

 The specific claims advanced by Ms. Saladini pertain to the contract in question. Ms. Saladini alleges that Mr. Righellis owes her a sum of money pursuant to a written contract dated September 23, 1992. In the alternative, Ms. Saladini claims that she is entitled to judgment based on promissory estoppel. Finally, Ms. Saladini asserts that she is entitled to relief for alleged violations of the Consumer Protection Act (G.L.c. 93A, §§9, 11).

 Since its development at common law, the doctrine of champerty has invalidated agreements which are “contrary to public justice and professional duty, and tending to speculation and fraud . . .” Ackert v. Barker, 131 Mass. 436, 437 (1881).

 In advancing her position that champerty should not void their agreement, Ms. Saladini points to the doctrine’s decline in modern jurisprudence. The doctrine, however, is still alive in Massachusetts. Although much of the case law on champerty deals with attorneys contingent fee agreements, the doctrine is equally applicable to laypersons entering into champertous contracts.

 Ms. Saladini argues that much of the prior case law is distinguishable because it involved attorneys fees. This argument, however, is without merit. Massachusetts has made clear that champertous agreements by laypersons as well as attorneys are unenforceable as against public policy. Graustein, 304 Mass. at 27.